WILLIAMSBURG CITY FIRE INSURANCE COMPANY *v.* GWINN.

Where one is insured concurrently in seven companies, and makes claim for his whole loss against six of the companies and the whole loss is thus settled conformably to the terms of the policies and paid, the seventh company is discharged as to him, and its liability, if any, is to the other companies for contribution.

November 10, 1891.

Insurance. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1891.

Reported in the decision.

CALHOUN, KING & SPALDING and J. T. PENDLETON, for plaintiff in error.

ARNOLD & ARNOLD, *contra.*

LUMPKIN, Justice.

This case is controlled and disposed of by the principle announced in the head-note. It seems that Gwinn, the insured, had seven policies of insurance covering the property which was destroyed by fire. The sum total of all these policies amounted to considerably more than the loss sustained. It appears that at the time of the fire, one of these policies, which was issued by the plaintiff in error, was not in Gwinn's possession, and

that in making claim for his loss he made no demand upon this company. In the view we take of the case, it is immaterial whether he did this deliberately or by oversight. His contention was that this policy had been left with the agent of the Williamsburg City company for the purpose of having permission for additional insurance indorsed thereon; that it was not returned to him, and at the time of the fire he overlooked the fact that he had such policy. The defence denied the existence of the policy altogether. Upon this question, the testimony preponderates in favor of Gwinn's theory. Be this as it may, however, the great fact remains that he actually received from the other six companies the full amount of his loss. It is true he testified in a general way that his settlement with those companies was the result of a compromise, and he did not receive the full amount to which he was entitled, and some of his witnesses swore that the settlement was not fair; but there were no facts or figures in proof bearing out these naked statements. The loss was arrived at and adjusted in the manner provided for by the policies themselves. It was fixed by competent appraisers duly selected by the parties after a careful examination into all the circumstances. The result was acceptable to Gwinn, and it nowhere appears that he made any objection to it at the time. The only just and fair conclusion from all the testimony on this subject is that Gwinn claimed and received from the six companies to whom he presented his demand full compensation for his loss. The verdict shows that the jury so believed. It is manifest they did not find that Gwinn's loss exceeded in amount the sum fixed by the appraisers. On the contrary, it appears that, taking this sum as a basis of calculation, they found one sixth thereof against the Williamsburg City company, with interest and attorney's fees added. It being quite plain that Gwinn has re-

ceived the full amount of his loss, it seems too manifest for argument that he should not be allowed to receive or recover more than this from any source whatever. What then follows? If the Williamsburg City company ought to have shared with the other companies in the payment of Gwinn's loss and has not done so, and he has been paid in full, its liability ought to be to the other companies for contribution. This principle is clearly stated in 1 May on Insurance, §13. Having shown, we think conclusively, that under the facts appearing in the record Gwinn can in no event recover of the Williamsburg City company, the judgment below is reversed with direction that the action be dismissed.

*Judgment reversed, with direction.*