8802. CHRONICLE BUILDING COMPANY *v.* NEW HAMPSHIRE FIRE INSURANCE COMPANY.

JENKINS, J. A policy of insurance provided that "the intention of this insurance is to make good the loss of rents caused by fire or lightning actually sustained by the assured on occupied or rented portions of the premises which have become untenantable, for and during such time as may be necessary to restore the premises to the same tenantable condition as before the fire." *Held:*

1. Irrespective of any purpose and intention which may have existed on the part of both the insurer's agent and the insured that the policy should cover the gross rental, under the principles of law governing the contract the obligation can be enforced as one of indemnification only, and the liability of the insurer could extend no further than to indemnify against such actual loss as insured might sustain by reason of the happening of the contingency covered by the contract of insurance. *Williamsburg Ins. Co.* v. *Gwinn,* 88 *Ga.* 65 (13 S. E. 837); *Fireman's Fund Ins. Co.* v. *Pekor,* 106 *Ga.* 1 (31 S. E. 779); *Exchange Bank of Macon* v. *Loh,* 104 *Ga.* 446 (31 S. E. 459, 44 L. R. A. 372); *Quillian* v. *Johnson,* 122 *Ga.* 49 (49 S. E. 801); *Georgia Cooperative Fire Asso.* v. *Lanier,* 1 *Ga. App.* 186 (57 S. E. 910); *Norwich &c. Society* v. *Bainbridge Grocery Co.,* 16 *Ga. App.* 432 (85 S. E. 622). Under such a policy the liability of the insurer for such actual loss is

to be measured by what would have been the gross rental during the period covered by the policy, less the expenses of operation devolving upon the insured. *Rice* v. *Caudle,* 71 *Ga.* 605; *McMillan* v. *Quincey,* 137 *Ga.* 63 (2), 64 (72 S. E. 506); *Betts Co.* v. *Mims,* 14 *Ga. App.* 786 (82 S. E. 474).

2. Since, under the terms of the policy, the indemnification is expressly limited to such actual loss as might be sustained during the necessary period of reconstruction, its language can not be construed to embrace losses which might accrue by reason of necessary delay attendant upon the retenanting of the building subsequently to such period and after its actual reconstruction.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 29,—REHEARING DENIED FEBRUARY 12, 1918.

Action upon fire insurance policy; from Richmond superior court —Judge H. C. Hammond. March 30, 1917.

*Barrett & Hull,* for plaintiff.

*King & Spalding,* for defendant.