## Niagara Fire Insurance Company of New York v. Johnson.

(Decided October 9, 1928.)

(As Modified, on Denial of Rehearing December 10, 1929.)

FRANK M. DRAKE and HESTER & STAHR for appellant.

F. B. MARTIN and W. J. WEBB for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On October 28, 1926, appellant issued a policy insuring the appellee against loss by fire and lightning in a sum not exceeding $750 on provender contained in his barn in Fulton county. On May 6, 1927, the barn was struck by lightning, and, as a result thereof, the insured property was destroyed by fire. Appellant declined to pay the loss, and suit was instituted to recover the amount of indemnity mentioned in the policy. Appellant defended on the ground that the policy contained a provision that it should become void if the property insured should be mortgaged after its issuance, and that appellee placed a mortgage against the property after the date of the policy and before the property was destroyed by fire. It is alleged that the mortgage was placed on the property without the consent of appellant. The appellee admitted the execution and delivery of the mortgage, and interposed a plea of estoppel based on the ground that he applied to the agent of appellant, who delivered the policy to him, for permission to place the mortgage against the property, and that the agent agreed and consented thereto, and that the company, having knowledge of the execution of the mortgage, allowed the policy to continue in force, and took no step to cancel it. A trial resulted in a judgment in favor of appellee for $750.

The appellant is complaining because the court did not sustain a general demurrer to the petition, and because the court did not instruct the jury to return a verdict in its favor. It is the contention of appellant that the agent who acted for it in obtaining the application and delivering the policy to appellee was a mere soliciting agent, and had no power to waive any of the provisions of the policy. It is therefore contended that, even if appellee obtained permission from the agent to place the mortgage on the property, such permission is no protection to him, because the agent was without power to waive the provisions of the policy.

The facts disclosed by the evidence are brief. Appellee testified that J. D. Henry had been the agent for

428

appellant in the town of Hickman for about 12 years, doing an insurance business under the name of the Hickman Insurance Agency; that this agency had been carrying his insurance on his properties for several years; that when he desired insurance on the property which was destroyed he requested Mr. Henry to issue him a policy for $750, which is the policy on which he sought to recover in this action; that the value of the property covered by the provisions of this policy was more than $2,000 at the time it was destroyed; that before the property was destroyed, and after the policy was issued, he executed a mortgage on the property, but before doing so he went to Mr. Henry and explained to him that he was going to give a mortgage on the property, and told him in detail about the transaction, and that Mr. Henry told him to go ahead, as it would be all right, and that he would fix the matter up; that after he had placed the mortgage on the property he again went to Mr. Henry and called his attention to the fact that the mortgage had been placed against the property, and that Mr. Henry then assured him that it was all right, and that there was no use for him to talk any more about it; that he paid the premium on the policy to Mr. Henry; that he obtained another policy on the property in another company for $750, which made his total insurance $1,500. On cross-examination the witness stated that he signed the application at the request of Mr. Henry without reading it, and that he did so because he had been accustomed to signing applications for insurance when they were presented to him by Mr. Henry. He further stated that Mr. Henry did not tell him that there was a provision in the policy rendering it void in the event he placed a mortgage on the property.

Mr. Henry testified that he did not remember whether Mr. Johnson came to him about the mortgage before it was executed or thereafter. He testified that he was a solicitor for appellant, to take applications for insurance and submit them to the company, and that the company either issued the policy or rejected it; that he had no authority to make a transfer, or an assignment or indorsement; that everything had to go to the company; that he did not have any authority to issue a policy for appellant, and that his agency was not a recording agency; that, the only authority he had was to take the application and forward it to the company. On cross-examination, Mr. Henry stated that, when it was necessary to place a rider on a policy, he forwarded the slip

to the home office, and it was there signed and returned to him, and countersigned by his agency before it was attached to the policy.

The appellee testified in rebuttal that he did not know anything about limitations imposed upon the authority of Mr. Henry, and that he did not know whether he was a soliciting agent or general agent; that he made application to him for the policy, and that the policy was issued, and he paid to Mr. Henry the premium.

Upon these facts appellant is insisting that it is clearly shown that the Hickman Insurance Agency, which was in fact Mr. Henry, was a mere soliciting agent, and that he had no authority to waive any of the provisions of the policy. We are unwilling to lay down any hard and fast rule, that will forever determine who are soliciting agents, and who are recording agents. While Mr. Henry testified that he had no authority in connection with this policy other than to take the application and forward it to the company, we find that his authority was greater than he understood it to be as is clearly shown by the facts in this case. He took the application and forwarded it to the company. The policy was prepared and signed at the home office, and sent to the Hickman Insurance Agency at Hickman, Ky. It was not a policy contract, however, when it was received by the Hickman Insurance Agency. The policy contained this provision:

> "This policy is valid only when signed by Hickman Insurance Agency, solicitor, at Hickman, Kentucky."

The very thing that gave validity to the policy was the fact that it was signed by the local agent. Not only did he sign it, but it was delivered by him, and he collected the premium. It is true, in the case of Staples v. Continental Insurance Co. of New York, 223 Ky. 842, 5 S. W. (2d) 265, this court said:

> "And we have farm fire insurance companies usually represented locally by men who have no authority to bind their companies, who have only authority to take applications and submit them to some chief officer of the company for acceptance or rejection, and after such chief officer has acted on the application, if he accepts the risk, he then sends the local man the policy for delivery. Such local representatives we shall designate as 'soliciting agents.'"

Conceding for the sake of argument that definition as true, although we do not mean that it is exclusive, it requires little consideration to reach the conclusion that the agent in this case was required to do more than is required of a soliciting agent according to the definition quoted above. In that definition nothing is said about the requirement that the policy shall not be valid unless it is signed by the local agent, and neither is there anything said about his collecting the premium. We are unwilling to hold in this case that the Hickman Insurance Company was merely a soliciting agent.

We think this case is controlled by the principle announced in the case of Continental Insurance Co. of New York v. Simpson, 220 Ky. 168, 294 S. W. 1049. The court there said:

"The attempt to control the method of waiver is condemned. This does not deny the right of the company to limit the exercise of the power of waiver to certain named agents. But policy contracts are long, involved, and as a general rule not fully understood by the insured. The latter deals almost exclusively with the local agent, and naturally relies upon him for advice and direction in matters relating thereto, and where the matter is within the apparent scope of the agent's authority, and the insured is not aware of any limitations thereon, the company is bound by his action, and notice to him of any material fact affecting the risk is imputed to the company, even though he did not have authority to act in the premises."

When appellee went to the local agent and advised him that he desired to place a mortgage on the property, this was notice to the company of his intention, and after he had actually executed the mortgage he again notified the agent that he had done so. This was notice to the company that he had placed a mortage against the property, and the duty of voiding the increased hazard, if any, if it desired to do so, rested on the company, as it had the power to cancel the policy, if it so desired. Manifestly, it would be inequitable and unjust for the company, after knowledge of the mortgage, to leave the insured under the impression that his policy was in force until he suffered a loss and then deny its liability.

This court has upheld the provisions written in insurance policies, in so far as they prescribe the terms

upon which the company assumes the risk; but, when an insurance company has knowledge that a provision of the policy has been violated, and notwithstanding such violation takes no steps within a reasonable time under all the circumstances to cancel the policy, it cannot avail itself of the defense that the policy was voided after a loss has actually occurred. It is not a question of the agent's waiving a provision of the policy. The question is whether the company is estopped by its failure to act after it has notice of the violation of some of the terms of the policy by the insured.

If, however, it was a question of the waiver of the provision voiding the police in case a mortgage should be placed against the property it seems to us that, under the authority of Continental Insurance Co. of New York v. Simpson, supra, the Hickman Insurance Agency was vested with authority to waive the forfeiture. The court in that case said:

"In considering this question, the cases supra, hold that the agent, who takes the application, issues the insurance, receives the premium, and delivers the policy, may by his words or conduct waive provisions (such as the vacancy clause), although the policy provided that it can be done only by writing 'indorsed' on the policy; a good reason for the conclusion being that the exercise of the high powers enumerated raises presumption of the incidental power of waiver. However, the above presumption does not apply to mere soliciting agents such as Davis and Duvall. . . . ."

On the question of estoppel the case of Glens Falls Insurance Co. v. David Elliott, 223 Ky. 205, 3 S. W. (2d) 219, is in point. The court there said:

"It is a just rule that the insurance company, when it accepts the insured's money for the premium, knows the facts rendering the policy void, the company so taking the money of the insured is estopped to say that the policy had no operation at all."

Considering the language quoted in connection with the language quoted from the case of Continental Insurance Co. of New York v. Simpson, supra, where it was held that notice to the agent of any material fact affecting the result is imputed to the company, even though he

did not have authority to act in the premises, is conclusive that the company in this case had notice of the facts rendering the policy void. It was long ago held in the case of Phoenix Insurance Co. v. Spiers & Thomas, 87 Ky. 285, 8 S. W. 453, 10 Ky. Law Rep. 254, that notice to an agent of an insurance company is notice to the company.

Our conclusion, therefore, is that we are unwilling to hold that J. R. Henry, doing business under the name of Hickman Insurance Agency, was a mere soliciting agent. Therefore the company is in no position to rely on the defense attempted, because notice to him that the mortgage had been executed was notice to the company, and the company, not having taken any steps before the loss to cancel the policy, is estopped.

Some contention is made by counsel for appellant that a demurrer to the petition should have been sustained, because it was alleged that he sustained damages by reason of the fire in the sum of $750, when as a matter of fact he had another policy on the property for $750, and that the appellant should be held responsible only for one-half of the entire damages sustained. They rely on the case of Hudson v. Scottish Union & National Life Insurance Co., 110 Ky. 722, 62 S. W. 513, 23 Ky. Law Rep. 116. We do not read that opinion as sustaining the contention of appellant. It is true that appellee alleged that the damages that he sustained were $750, but this allegation must be read in connection with the policy, which was the basis of his suit. The policy covered only $750 of his loss, and he could not recover more than that sum, or more than that portion of his total loss in this suit. His petition does not stop with the allegation that he sustained damages in the sum of $750, but he alleges that $750 was at the time less than a fair market cash value of the property destroyed. It is true that he does not allege what the fair market cash value of the property was, but we do not agree with counsel for appellant that the petition was subject to demurrer by reason of that indefinite allegation. The case was tried upon the allegation that the property was worth more than 750, and the proof showed that it was worth more than $2,000. Applying the three-fourths value clause, he was entitled to recover $1,500, if his insurance amounted to that sum, and it appears from the proof that he had another policy for $750.

Moreover, in its answer, appellant denies that it is liable to appellee for any sum by reason of the loss. It

is true that it alleges that there was additional insurance on the property in the sum of $750, and it alleges that it was only liable, if at all, for the proportionate part of the loss in the ratio that the policy issued by appellant bears to the total amount of insurance on the property. There is no allegation in the answer as to the value of the property covered by the policy sued on. In the reply to the answer the appellee admits that he carried on the property the other insurance mentioned in the answer, which was in force at the time of the destruction of the property. But he alleges that the property so destroyed was at the time of its destruction of greater value than the total insurance thereon, including the policy sued on, and that he was, therefore, entitled to recover the full amount of the policy sued on in this case. Our conclusion is that the appellee was entitled to recover the sum sued for in this action under the proof and the pleadings, and the trial court committed no error in relation to this matter.

Judgment affirmed. Whole court sitting.