(120 So. 912)

**AMERICAN INS. CO. v. MATTOX.**
**(3 Div. 857.)**

Supreme Court of Alabama.  Jan. 17, 1929.

Rehearing Denied March 28, 1929.

Steiner, Crum & Weil, of Montgomery, for appellant.

L. A. Sanderson and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellee.

GARDNER, J.  The suit is upon a fire insurance policy.  There was judgment for the plaintiff for the full amount sued for, from which defendant prosecutes this appeal.

Plaintiff was the lessee of certain business property in the city of Montgomery, for which he paid a rental of $250 per month.  He subleased the property at a rental of $430 per month.  The policy issued to plaintiff was in the sum of $5,400, and insured him against "the loss of rents caused by fire or lightning actually sustained by the assured on occupied or rented portions of the premises which have become untenantable for and during such time as may be necessary to restore the premises to the same tenantable condition as before the fire."  The property, by fire, became untenantable for a period of five months.  Under the terms of plaintiff's sublease, his tenants were not liable for any rents during this five-month period, and paid none.  Plaintiff, likewise, under the terms of his lease, was exempt from payment of rent during this five-month period, and did not pay the same during that time.  Plaintiff's contention, which prevailed in the court below, was that his recovery should be the full amount sued for, $2,150, representing the sum of $430 monthly rental lost to him for the five-month period.  Defendant, on the other hand, insists that the recovery should be limited to plaintiff's net loss, represented by the sum of $430, less the $250 rental plaintiff was relieved from paying under the terms of his lease, and tendered the sum of $900 in full satisfaction of the claim.

The argument in support of this contention is based upon the theory that insurance is for indemnity only, and that to construe the policy otherwise than as insisted by defendant would be to render it a wagering or gambling contract, contrary to public policy, and void.

That plaintiff, as owner of these rents, had an insurable interest therein, is not here

controverted. Under the terms of the policy, the rents were based on the annual rental, and it was provided that the company should "not be liable for a greater proportion of any loss than the sum hereby insured bears to the actual annual rental of such * * * rental portions of the premises." By such a stipulation the insured is in a sense and under certain contingencies made a co-insurer. In the event of disagreement as to the time required to place the premises in a tenantable condition, the contract provides for appraisement under conditions of the policy. The contract stipulates very clearly, therefore, for the ascertainment of plaintiff's loss. First, the time, which, if not agreed upon, is fixed by appraisement; and, second, the amount as to the loss of rents is to be based upon annual rentals. This is the simple method by which plaintiff's loss is to be determined as fixed in the contract. There is nothing in the policy concerning the loss of gross profits or net profits, but the insurance is for the loss of these rents, with nothing added or taken therefrom, and it was doubtless upon this basis the premium paid by plaintiff was fixed. The policy states that it is "the intention of this insurance * * * to make good the loss of rents caused by fire * * * actually sustained by the assured." That the rents to the amount of $430 per month for a period of five months were lost to plaintiff is not questioned, and the policy provides a simple method for ascertainment of the sum due.

The case of Whitney Estate Co. v. North. Assurance Co., 155 Cal. 521, 101 P. 911, 23 L. R. A. (N. S.) 123, from the Supreme Court of California, is in principle here directly in point. The language of the policy there considered was in all material respects, so far as the question here for determination is concerned, the same as the policy in the instant case. In that case the insurer sought to have deducted $10,000 as costs of operation of the establishment, so as to reduce the amount of recovery to a net loss of the rents, while here the insistence is that the rent which plaintiff was to pay on his lease, from which he was exempt during the period, should be deducted for like purpose. There appears, therefore, no difference in the two cases, so far as the principle governing the result is concerned. Speaking to the question of construction of this feature of the policy, the California court said: "No elements, except those of actual rentals at time of fire, and time required for repair, are mentioned. The first of these elements is easily ascertainable, and special provision is made for arbitration as to the second, in the event of disagreement. If it had been intended that any other item should enter into the computation, it seems reasonable to suppose that something would have been said regarding such other item. The view suggested is fortified by a consideration of the clause requiring the insured to carry insurance on said rents in an amount equal to the annual rents of the premises, under penalty of being held to be a co-insurer to the extent of the deficiency."

Answering also the insistence that a recovery of the gross rents would do violence to the generally recognized principle that a policy of insurance is essentially a contract of indemnity only (Royal Exch. Ass'n Co. v. Alman, 206 Ala. 45, 89 So. 76), the court further said:

"The contention of the respondent is that the application of these rules requires the affirmance of the judgment. The 'loss of rent' suffered by plaintiff was not, it is said, the gross amount of rents which it would have received, but only the surplus remaining after deducting the expense to which it would have been put in collecting such rents. This position would have much force if the subject of insurance consisted of such property that the loss occasioned by a fire could be accurately determined. But, in the case of rents of a building, it is not, in the nature of things, possible to determine, at any particular period, just what the income from rents for the ensuing year would be. It may be that a greater or a less part of the building may be occupied during the year than at its commencement; so with the matter of expense. The annual outlay for elevator service, wages of janitors, light and water, will depend upon a variety of contingencies which cannot be foretold. Furthermore, the fact that a building is rendered untenantable may cause a loss of rents to the owner in ways that are even more incapable of measurement. A building vacated by its tenants in consequence of fire may remain vacant, in whole or in part, long after it has been restored and is again ready for occupancy. In view of all these uncertainties, it is perfectly competent for the parties to a contract of rent insurance, without in any degree violating the principle that the insurance shall furnish only indemnity against loss, to stipulate for a method of ascertaining and computing such loss. We think the policy before us, fairly construed, does provide that the loss of rents shall be deemed to be the amount of rentals that would be collected by the insured during the period that may be required to restore the building to a tenantable condition, assuming that the rentals would have continued to be the same in amount as at the time of the fire."

■ We consider these observations applicable here. The Whitney Case, supra, is well reasoned, and commends itself to our judgment. So far as concerns the controlling principle, that authority and the instant case are not to be differentiated. The court was

there not dealing with a "valued" policy, and the fact the statute law of that state recognized "valued" policies was not material to the result. Nor is it material that in the Whitney Case the insured was the owner of the building, as he was no more the owner of the rents there involved than was the plaintiff here the owner of the rents against loss of which by fire the insurance was secured. It may be that some of the uncertainties mentioned in the above quotation did not present themselves in the instant case, and that under the facts a gain for plaintiff may result. But the contract of insurance is to be construed in the light of all these uncertainties at the time of its execution, and the construction is not to turn upon the result in a particular instance. Following in the wake of the opinion in the Whitney Case, supra, which meets with our approval, we conclude the trial court correctly construed the policy in awarding plaintiff the full amount of the rents lost, without any deduction therefrom.

Appellants cite Moving Picture Co. v. Scottish Union & Nat. Ins. Co., 244 Pa. 358, 90 A. 642; Chronicle Bldg. Co. v. New Hampshire Fire Ins. Co., 21 Ga. App. 687, 94 S. E. 1043, and Carey v. Ins. Co., 33 Hun (N. Y.) 315, as holding to a contrary view. In these cases the terms of the various policies are not set out. Whether or not they are the same as in the policy here sued upon, we are not informed. In the case last cited (33 Hun, 315), plaintiff only sought recovery of profit which would have accrued to him and nothing more. The case of Chronicle Bldg. Co. v. N. H. Fire Ins. Co., from the Court of Appeals of Georgia, contains only a headnote opinion, from which it appears the plaintiff sought recovery for "losses which might accrue by reason of necessary delay attendant upon the retenanting of the building subsequently to such period and after its actual reconstruction," though in the first headnote the holding as to deduction of operating expenses appears in conflict with the Whitney Case, supra.

Under the peculiar facts as there presented, the Pennsylvania court in Moving Picture Co. v. Scottish Ins. Co., supra, held plaintiff had no insurable interest in the property.

In the instant case, plaintiff's continued interest in the property and the rents is not questioned.

It is to be doubted that either of the above-cited cases is in actual conflict with the Whitney Case, supra, but, whether so or not, we are fully persuaded the Whitney Case is sound, correctly construing the policy contract here under consideration, and that the result does not impinge upon the recognized principle that a policy of insurance is essentially a contract of indemnity only.

We conclude the judgment of the court below is correct, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.