648

FRANKLIN NAT. INS. CO. OF NEW YORK

v.

HIBBITT.

Court of Appeals of Kentucky.

Feb. 5, 1954.

Richardson & Barrickman, Glasgow, for appellant.

Wilson & Wilson, Glasgow, for appellee.

MILLIKEN, Justice.

R. J. Hibbitt, the appellee, an illiterate Negro, widower and father of five young children, sued the Franklin National Insurance Company of New York, the appellant here, to recover on a fire insurance policy it had issued on his home, and recovered judgment for $1,000. In its answer the company denied liability and pleaded specially that it believed the insured had an undisclosed mortgage on his home, an allegation disproved at the trial. Subsequently, the company amended its answer by pleading that the insured's home had been vacant more than the sixty days allowed by the policy, and, on the morning of the trial, the company again amended its answer by pleading a provision of the policy that any waiver of the vacancy clause had to be in writing. Furthermore, counsel for the company waived their right to make an opening statement to the jury.

The insured found it necessary to move into the City of Bowling Green to his mother's home in order to obtain suitable care for his children, and, in December, 1951, he notified the company agent who sold him the policy of his intention to so move and was assured that that would not affect his policy for sixty days. When the move was actually accomplished, the insured, in January, 1952, at the time the policy was renewed, notified the company agent accordingly and apparently was informed that a vacancy clause could not be issued until the sixty-day period had elapsed, but would be issued then. The insured visited the property in March, 1952, when he went out there from Bowling Green to borrow $20 from a friend, but he did not go into his home. A few weeks later, in April, 1952, the home and its contents were destroyed by fire, but it was nearly a week later before the insured knew of his loss. He notified the company agent the next day.

The policy was renewed on January 4, 1952, at the office of the company

agent at a time when the agent admittedly knew the house was either vacant or about to become so. We think it clear that the company agent was a general agent, for he accepted the premium and issued the policy and its renewal directly from his office without the need of first obtaining approval from his company, and that, consequently, notice to him was notice to the company. Niagara Fire Insurance Co. of N. Y. v. Johnson, 231 Ky. 426, 21 S.W.2d 794. Despite the fact that a policy stipulates that a waiver of its conditions may be had only in writing from a properly authorized agent, we said, in Continental Insurance Co. of the City of N. Y. v. Simpson, 220 Ky. 167, 294 S.W. 1048, 1050:

"In considering this question the cases supra hold that the agent who takes the application, issues the insurance, receives the premium, and delivers the policy may by his words or conduct waive provisions such as the (vacancy clause), although the policy provides that it can he done only by writing 'indorsed' on the policy. A good reason for the conclusion is that the exercise of the high powers enumerated raises presumption of the incidental power of waiver."

See, also, Glens Falls Insurance Co. v. Elliott, 223 Ky. 205, 3 S.W.2d 219.

■ We are cognizant of the fact that the appellee paid no additional premium for a vacancy permit, and that normally he could not recover for loss which occurred after the sixty-day vacancy period permitted by the policy. The jury should have been so instructed. However, it also should be instructed, if the evidence adduced at the next trial is the same, that the company agent in the case at bar could be deemed to have waived the written vacancy provision of the policy, orally or by conduct, but the appellee's pleadings should be amended so as to plead the waiver. Since the instructions given by the court did not cover the company's theory of defense, we are constrained to reverse the judgment.

It may be well to point out here that under CR 15.02, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." In the case at bar, the jury were presented evidence which they were not entitled to consider because not adequately pleaded under Carroll's Civil Code of Procedure.

In view of the fact that another trial is necessary, we will not discuss the objections to the argument of insured's counsel other than to suggest that he tone it down a bit.

The judgment is reversed for proceedings consistent herewith.