40439. NEWARK INSURANCE COMPANY v. SMITH.

DECIDED JANUARY 15, 1964.

*M. L. Preston, George E. Maddox*, for plaintiff in error.
*Arthur C. Farrar*, contra.

JORDAN, Judge. ■ The liability of the defendant insurance company under the pro rata clause of the policy sued upon was limited to the proportion of the loss which the amount insured by it bore to the whole amount of insurance on the property. This fact would not, however, preclude recovery against the defendant insurance company in the full amount of coverage afforded by the policy in question since the evidence adduced on the trial of this case in behalf of the plaintiff insured authorized the finding that the loss sustained by him was greater than the total amount of combined coverage under the policies of both the defendant insurer and the Utica Fire Insurance Company.

Under these circumstances, where the amount of the loss exceeded the amount recoverable under the combined policies, the fact that other insurance existed would not preclude recovery of the full amount of the policy sued upon, Niagara Falls Ins. Co. v. Johnson, 231 Ky. 426 (21 SW2d 794); and the release of the Utica Fire Insurance Company by the plaintiff upon settlement of his claim under the policy issued by that company would not relieve the defendant company from payment of its proportionate share of the loss under the pro rata clause of its policy which in this case constituted the total amount of coverage of said policy. 46 CJS 150, Insurance, § 1206; Rallis v. Conn. Fire Ins. Co., 46 NM 77 (120 P2d 736).

It is only where the loss sustained by the insured has been

completely satisfied under policies of insurance with other companies that the question of the discharge of the non-participating insurer's obligation to the insured may arise, as in *Williamsburg City Fire Ins. Co. v. Gwinn,* 88 Ga. 65 (13 SE 837) and *Norwich Union Fire Ins. Society v. Wellhouse,* 113 Ga. 970 (1) (39 SE 397) ; and not, such as here, where the finding was authorized that the loss sustained by the plaintiff insured exceeded the combined coverage of all policies of insurance and had not been completely satisfied by any prior settlement with another company. The trial court did not err therefore in denying the defendant's motion for judgment notwithstanding the verdict and the general grounds of its motion for new trial.

■ While the Act of 1960 (Ga. L. 1960, pp. 289, 502) originally provided that the amount of attorney's fees recoverable because of the bad faith of the insurer "shall be determined by the trial court," said provision was changed by an amendment to the Act, approved March 7, 1962 (Ga. L. 1962, p. 712; *Code Ann.* § 56-1206) which provided that said attorney's fees "shall be determined by the trial jury." Accordingly, the sole special ground of the amended motion for new trial which was predicated upon the contention that the question of attorney's fees was for the court and not the jury under the provision of the Act of 1960, supra, is without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*