CHARLOTTE HUNTER ARLEY, APPELLANT, v. LIBERTY MUTUAL FIRE INSURANCE COMPANY, A MASSACHUSETTS CORPORATION, RESPONDENT.

No. 4640

January 23, 1964                                     388 P.2d 576

[Rehearing denied February 26, 1964]

*Charlotte Hunter Arley,* of Portland, Oregon, and *Leslie M. Fry,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* of Reno, for Respondent.

# OPINION

By the Court, BADT, C. J.:

Appellant, plaintiff below, sued the respondent insurance company upon an insurance policy in the face amount of $43,600, which covered the building, its furniture and fixtures, and rental income; $35,000 covered the building, $5,000 covered the furniture and fixtures, and $3,600 covered the rental income. Upon the company's refusal to pay the full amount of appellant's claim as demanded, she sued to recover the full amount of the policy, together with interest and attorney fees. The trial court found that there was a total loss of the building and awarded appellant judgment for the full $35,000 on this coverage, but allowed her $4,014.21 for the loss of the personal property and $600 for the loss of rental income—these being the respective amounts admitted by respondent as the amount of loss on said two items. It denied recovery for interest and attorney fees demanded by appellant.

Appellant appealed from that part of the judgment denying the full amount of insurance which covered the personal property and rental income and which denied recovery of interest and attorney fees. We conclude that the judgment was in all respects proper and without error and must be affirmed.

Appellant filed with her record on appeal a statement of the points on which she intended to rely on the appeal, NRCP 75 (d), specifying error in the following: (1)

in denying plaintiff "total loss" on her personal property; (2) in denying plaintiff "total loss" on her rental income; (3) "in denying plaintiff pre-judgment interest on the full amount of her loss"; and (4) "in denying plaintiff an attorney's fee." This was subject to some variance in the specification in her opening brief, SCR 23(2)(c), of the errors of law which the appeal seeks to correct. The specification of error there is (1) that the findings are insufficient to support the judgment in that the court (a) failed to make a finding as to the amount of loss of the furniture and fixtures, and (b) as to the amount of loss of rental income; (2) that the court's conclusions are contrary to law in that (a) the sufficiency of the proof of loss was not in issue, (b) that the plaintiff's right to recover for the loss of her furniture and fixtures was not forfeit, (c) that plaintiff did not fail to sustain her burden of proof on the issue of rental income loss, (d) that she was entitled to interest as part of the judgment on the full amount found due, and (e) that she was entitled to an attorney's fee as part of the judgment.

A pretrial order was made pursuant to a pretrial hearing in which the court defined the issues of law and facts involved and to which the trial of the issues was confined. After the trial the case was submitted to the trial court on oral argument and briefs, and the court filed a scholarly opinion comprising 36 typewritten pages in which it thoroughly explored and determined every issue advanced by the parties.

Some procedural matters must first be disposed of. Appellant contends as noted that the sufficiency of the proof of loss was not in issue. In support of this, she relies on NRCP 9(c).[1] Plaintiff's averment in this respect was contained in paragraph 5 of her complaint as follows: "Plaintiff has furnished defendant with

---

[1]NRCP 9 (c). *"Conditions Precedent.* In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

notice and proof of loss in accordance with the terms of the policy, and has otherwise duly performed all of the conditions and has complied with all of the requirements thereof." Respondent's answer to such paragraph was: "Denies the averments of paragraph 5." It is difficult to see how the denial of plaintiff's allegation that she had furnished defendant with notice and proof of loss in accordance with the terms of the policy could be made more specifically or with greater particularity. In this respect we can ignore the general allegation of performance of conditions precedent and confine ourselves to the particular allegation as to furnishing notice of proof of loss in accordance with the terms of the policy. Both the allegation and the denial were specific and particular.

The policy required the plaintiff to furnish a complete inventory of the destroyed, damaged, and undamaged property, showing in detail quantities, costs, actual cash value, and amount of loss claimed, and to render to the company a proof of loss signed and sworn to by the insured showing the actual cash value of each item thereof and the amount of loss thereto and verified plans and specifications of buildings, fixtures, or machinery destroyed or damaged, and to produce, if required, books of account, bills, invoices, and other vouchers, and in case the parties should fail to agree as to the actual cash value or amount of loss, that (as expressed by the trial court) "either party, on written demand may put into effect an arbitration proceeding outlined in the policy. No arbitration proceeding was demanded or adopted."

The fire occurred May 26, 1960. On July 25, 1960, appellant filed notice and proof of loss. On July 28, 1960, respondent wrote appellant that "the purported proof of loss is defective and incomplete in the following respects:

"1- * * * the information set forth therein is totally inadequate and incomplete.

"2- In the said instrument the total cash loss and damage is stated as follows: Actual cash value of realty—$38,890.00, although an exact amount of loss and damage verified by necessary detail is not attached.

"In the said instrument the total cash loss and damage

on personal property is stated in the amount of $5,500.00, but no schedule of loss and damage setting forth the amount of loss and the necessary detail is attached.

"In the said instrument the total cash value and loss and damage on rental income is stated in the amount of $600.00, however, no supporting evidence is attached.

"3- You have made claim of loss amounting to $40,-600.00 which is not supported by any plans, specifications or detail of any kind which would tend to show the extent of loss and damage claimed.

"4- There is no schedule supporting the claim of cost or loss on household furniture and/or personal property and the company requests certified plans and specifications of the building and also a recapitulated detail of personal property destroyed.

"The said Liberty Mutual Insurance Company totally disagrees with you as to the amount of loss claimed by you on each and all of the different articles of property set forth in said purported preliminary proof of loss and to each and all thereof.

"The said above mentioned Company admits that you suffered a loss of $23,267.28 to the building.

"The said above mentioned Company admits that you suffered a loss of $4,014.21 to household furniture and personal property.

"The said above mentioned Company admits that you suffered a loss of $600.00 on rental income coverage."

The letter added that it did not waive any of its rights or any defenses under the policy, but specifically reserved the same.

We are satisfied that the sufficiency of the proof of loss was directly placed in issue under NRCP 9(c). Coral Gables, Inc. v. Skehan, 47 F.Supp. 1 (D.C.N.J. 1942). In further support of this conclusion, after determining that there was a total loss of the building, the court properly stated that "both sides presented evidence without raising any question of pleading. Therefore, the court determines that each side has waived the technical point of pleading above discussed and the court is now

free to determine the legal sufficiency of the 'Proof of Loss' upon the merits as presented by the evidence." Accordingly, this was also authorized and justified by reason of NRCP 15(b).[2] Whiteman v. Brandis, 78 Nev. 320, 372 P.2d 468.

Appellant's next contention of a procedural nature is that the court (a) failed to make a finding as to the amount of the loss of the furniture and fixtures, and (b) as to the amount of loss of rental income. As noted, the company notified appellant of the insufficiency in the proof of loss supplied by appellant—particularly in her failure to comply with the contract requirements to furnish (1) description of property, (2) nature and extent of loss or damage, (3) where purchased, (4) when, (5) original cost, (6) value at time of loss, (7) cost of repair. The trial court said: "None of this information was given on this schedule as to the items of furniture. The only mention of personal property anywhere on this Proof of Loss is on the face where there are typed the words, 'Personalty Loss, Total.' That was not true. The evidence at the trial established that the personal property damaged or destroyed was only a part of the property insured, and, therefore, was only a 'partial loss' even though the plaintiff contended that the actual loss in *value* exceeded the policy limit. The defendant was entitled to be informed exactly what items of personal property had been damaged or destroyed. In arranging settlement under the policy, the defendant was not compelled to accept the plaintiff's statement, 'Personalty Loss, Total,' and so informed her. * * * The plaintiff did not correct the deficiency by supplying an amended or supplemental 'Proof of Loss.' Instead, she refused to do so, * * * but merely repeat[ed] 'Furniture and fixtures described as Item 2 has an actual cash value of $5,000 and the loss of said Item 2 is $5,000.' "

The learned trial judge then discussed at some length Clark v. London Assurance Corp., 44 Nev. 359, 195 P.

---

[2]"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * *"

809, and Engleman v. Royal Ins. Co., 56 Nev. 319, 51 P.2d 417, 101 A.L.R. 1294, and correctly concluded that while failure to furnish a " 'proof of loss' *within the 60 day limited period* does not constitute a forfeiture of the insurance coverage, * * * *no recovery can be had until such proof of loss, as required by the policy, has been furnished*—even after the 60 day period has expired." The trial court's ultimate conclusion was that as to the furniture, linens, dishes, and other such household items, the "Proof of Loss was not legally sufficient in either fact or law." Under such conclusion the court could not make a finding as to the amount of loss of the furniture and fixtures.

In like manner the court was justified in refusing to make a finding "as to the amount of loss of rental income." The "rent loss rider," article 6, provided for the payment to the insured of the loss of rental income " * * * but not exceeding the *actual loss sustained* by the insured resulting from such untenantability, and for such length of time as would be required with the exercise of due diligence and dispatch to restore to a tenantable condition such building * * *." Quoting from Chronicle Bldg. Co. v. New Hampshire Fire Ins. Co., 21 Ga.App. 687, 94 S.E. 1043, and also referring to 1 Couch, Insurance, 2nd, § 1.92, at 94, and 45 C.J.S., Insurance § 920, at 1027, and 5 Appleman, Insurance § 3119, at 275, the court correctly concluded "the amount of liability is measured by the gross rental minus the expenses of the insured's operation," and further from the Chronicle Bldg. case, "Under such a policy, the liability of the insurer for such an actual loss is to be measured by what would have been the gross rental during the period covered by the policy, less the expenses of operation devolving upon the insured." In this respect the court held:

*"Before the fire,* the plaintiff collected total gross rentals of $735.00 a month. Out of this, she had expenses to pay such as electrical power bills, water, fuel oil for heat, janitor service for the halls and stairs, even if not for inside the units. She had a yard, trees and lawn to

maintain. She had taxes to pay and also premiums on even this fire insurance policy if no fire had occurred.

*"After the fire,* the plaintiff was relieved of most of these expenses; in fact all of them, except taxes on the land * * *."

The trial court's conclusion that plaintiff was entitled to receive only "the actual loss sustained" by reason of the indemnification provision in the policy, and accordingly, only the net rental income was without error. The court's further statement that, "The evidence in this case provides no way for the Court to determine even an approximate amount" is fully justified. No evidence was offered by the plaintiff to establish the past expenses from which the probable net rentals could be determined.

Accordingly, on the two items last discussed—the insurance on the furniture and the rental revenue—the court's findings and judgment, as well as the court's refusal to make a finding by reason of lack of evidence to support a finding, were properly limited to and by the amounts which respondent admitted to be due. Appellant's constant reiteration of the statement that as to these two items "the loss was total" is no answer. The trial court was talking about the sufficiency of the evidence upon which to base a finding. On the motion to amend the findings and the judgment the court even reserved judgment until the court reporter's transcript could be completed on certain items. We find no error in the court's final conclusion as to the insurance on the furniture and on the rental revenue.

Appellant next contends that the court was in error in failing to allow interest on each of the three items of recovery. The rule in Nevada is declared in Agricultural Ins. Co. v. Biltz, 57 Nev. 370, 64 P.2d 1042. In that case the court, after quoting section 4322 NCL, now NRS 99.040, said:

"The policy of insurance is a contract and contains the following stipulation:

" 'The loss shall not become payable until sixty days after notice, ascertainment, estimate, and satisfactory

proof of loss herein required have been received by this company, including an award by appraisers where appraisal has been required.'

"This stipulation provides methods for establishing the loss, in other words, for liquidating the claim and fixing a time thereafter for payment. But as there was no satisfactory proof of loss, or valid award, the demand was unliquidated until the rendition of judgment.

"The money did not become due under the statute until then. The statute is in harmony with the general rule that interest is not recoverable upon unliquidated demands, but is allowable only after such demands have been merged in a judgment."[3]

The court's formal findings as to the two items of loss, the furniture and the rentals were: "XXXVI. The amounts defendant has admitted liability for in the sum of $4,014.21 for loss of personal property, and $600 for loss of rent were not liquidated. XXXVII. The defendant's admission of liability for the payment of $4,014.21 for loss of personal property and $600 for loss of rents may be considered a tender of those amounts, which tender was refused by the plaintiff." These findings are fully justified by the evidence. Appellant cites a number of authorities contra, but we do not find the same in point or controlling.

The trial court's pretrial order, under the defendant's admission of liability, recited such admission of liability as follows: $23,276.28 on the building, $4,014.21 on the personal property, and $600 on rental income. As noted, the offer was rejected. The loss on the building was established by judgment to be $35,000.[4] As to each

---

[3]For an analysis of the holding in Agricultural Ins. Co. v. Biltz, supra, see Dollar Investment Corp. v. Modern Market, Inc., 77 Nev. 393, 365 P.2d 311.

[4]The lower court considered the voluminous evidence on this point at great length before allowing the full coverage on the building. The insurance company took no appeal. Accordingly, this item is not in issue and requires no discussion.

and all of these three items, the respective amounts were not liquidated other than by the judgment itself. Accordingly, interest did not commence to run prior to the entry of judgment.

Appellant's final contention is that the court erred in not allowing her attorney fees as part of the judgment. It appears from the record that at the hearing of appellant's motion to reopen the case for further testimony appellant specifically waived attorney fees for the trial. Indeed under NRS 18.010 (2), restricting the power of the court to allow attorney fees to cases in which the demand was less than $3,000, the court had no authority to allow an attorney fee. While appellant takes issue with the contention that there was a waiver by appellant, it is clear to us that such is the case. However, appellant bases the present contention on NRCP 56 (g). Under this section attorney fees are allowable when it appears to the satisfaction of the court that any affidavits are presented in bad faith solely for the purpose of delay. Such allowance was within the discretion of the court. Nothing in the record indicates an abuse of such discretion in the court's denial of attorney fees under this section. Appellant now seeks attorney fees on a third ground, namely, that the insurance policy was written in Oregon and is governed by Oregon law, and asserts that this is a matter of full faith and credit. So far as the record before us discloses, this point was not raised in the trial court and may not be raised here for the first time. In re Devincenzi's Estate, 65 Nev. 158, 190 P.2d 842; Goldring v. Kline, 71 Nev. 181, 284 P.2d 374. There was no error in the denial of attorney fees.

The judgment is affirmed with costs.

MCNAMEE, J., and MARSHALL, D. J., concur.

THOMPSON, J., being disqualified, the Governor commissioned Honorable GEORGE E. MARSHALL, Judge of the Eighth Judicial District Court, to sit in his place.