MARTIN ESSEX, Appellant, *v.* GUARANTEE INSURANCE COMPANY, Respondent.

No. 6927

December 31, 1973                    517 P.2d 790

*Thomas R. Severns,* of Las Vegas, for Appellant.

*Lorin D. Parraguirre,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant's employer brought an action on a contract of insurance issued by respondent, seeking recovery of $4,800 which appellant and his wife had withdrawn from the employer's bank account under circumstances which the employer alleged to be "dishonest" or "fraudulent" within the meaning of the policy in question. The respondent filed a third party complaint against appellant, seeking indemnity and subrogation,

but manifesting respondent's belief that appellant acted properly in making the withdrawal. The court entered judgment in favor of appellant's employer and against respondent on the complaint, and in favor of respondent and against appellant on the third party complaint. This appeal follows.

On appeal, appellant argues that the judgment against him depends on a finding that he acted dishonestly or fraudulently, which he contends was a fact neither pleaded in respondent's third party complaint, nor "tried by express or implied consent of the parties." NRCP 15(b). However, we are satisfied that appellant's contention is contrary to the record, which reflects that appellant's then counsel involved himself in aspects of the trial relating to whether the conduct of appellant and his wife should be considered fraudulent.[1] We therefore consider that the issue of whether or not such conduct constituted "dishonest or fraudulent" acts within the meaning of the policy was tried by the consent of all of the parties, and the court properly treated it as raised by the pleadings. Close v. Isbell Construction Co., 86 Nev. 524, 471 P.2d 257 (1970); Arley v. Liberty Mut. Fire Ins., 80 Nev. 5, 388 P.2d 576 (1964); United Tungsten v. Corp. SVC, 76 Nev. 329, 353 P.2d 452 (1960).

"This court has repeatedly given effect to the provisions of NRCP 15(b) to the effect that when issues not raised by the pleadings are treated by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings and that, though the pleadings may be amended to conform to the evidence, failure to amend does not affect the result of the trial of such issues." Id., at 331.

Affirmed.

---

[1]Page 71 of the record, for example, reflects that appellant's counsel urged admission of certain evidence tendered by respondent's counsel, saying: "If the Court please, would this not be relevant as to the allegation of fraud?" Present counsel did not represent appellant at trial.