CHARLOTTE HUNTER ARLEY, APPELLANT, v. LIBERTY MUTUAL FIRE INSURANCE COMPANY, A MASSACHUSETTS CORPORATION, RESPONDENT.

No. 4876

July 23, 1965                                      404 P.2d 426

See also 80 Nev. 5; 388 P.2d 576.

*Charlotte Hunter Arley,* of Portland, Oregon, and *Leslie M. Fry,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* and *Roger W. Jeppson,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

This is an appeal from an order entered by the Second Judicial District Court directing appellant to enter satisfaction of judgment within ten days, or upon her failure to do so, directing the clerk to make such entry.[1]

Appellant sued respondent, her insurer, on a claim for fire damage to property owned by appellant. She recovered judgment on December 13, 1962, for $39,614.21, plus costs, and interest at 7% per annum from the date of entry of the judgment until paid. The day after judgment was rendered Leslie M. Fry, designated by appellant to receive service of papers[2] because appellant, who

---

[1]NRS 17.200 states in pertinent part:

"* * * Whenever a judgment shall be satisfied in fact, otherwise than upon execution, the party or attorney shall give such acknowledgment, and upon motion the court may compel it, or may order the entry of satisfaction to be made without it."

[2]Supreme Court Rule 41(2) states:

"An attorney admitted to practice in Nevada but who does not maintain an office in Nevada shall, on filing any pleading in the courts of Nevada, either associate an attorney maintaining an office in Nevada, or designate an attorney maintaining an office in the county in Nevada wherein the pleading is filed, upon whom all papers, process or pleadings required to be served upon an attorney may be so served. The name and office address of such attorney so designated shall be endorsed upon the pleading so filed, and service upon such attorney shall be deemed to be service upon the attorney filing the pleading or other paper."

had represented herself in proper person in the action resided out of the state, signed a document acknowledging tender by the respondent of the full amount of the judgment, which tender, evidently, was not accepted.[3]

Appellant appealed from a portion of the judgment claiming inadequacy of the award, but this court affirmed the lower court in January, 1964. Arley v. Liberty Mutual Fire Ins. Co., 80 Nev. 5, 388 P.2d 576. Rehearing was denied on February 26, 1964, and the remittitur was filed on April 13, 1964.

Appellant now claims interest on her judgment of December 13, 1962, from the date of its original entry. Respondent had mailed her the amount of the judgment on April 23, 1964, and upon her refusal to accept same, deposited the amount with the clerk of the court, and moved the court for an order directing appellant to enter satisfaction of judgment. Appellant filed her objection to the motion and on October 21, 1964, the court below entered its order directing appellant to enter satisfaction of judgment, or upon failure to do so, directing the clerk to enter said satisfaction. The clerk entered the satisfaction on November 4, 1964. From this order and entry of satisfaction the appellant has appealed, attempting to disavow Fry's authority to acknowledge tender.

Appellant contends that she is entitled to interest at the rate of 7% from the date of entry of the judgment in December, 1962, and not merely from the time of the filing of the remittitur in April, 1964.

---

[3]The Acknowledgment of Tender appears on page 42 of the Record on Appeal, and states:

"I hereby acknowledge that defendant Liberty Mutual Fire Insurance Company has tendered to me the sum of Thirty-nine thousand six hundred fourteen dollars and twenty-one cents ($39,614.21) being the full amount, with the exception of costs which are to be taxed and assessed at a later date, of that Judgment which was entered in the case of CHARLOTTE HUNTER ARLEY vs. LIBERTY MUTUAL FIRE INSURANCE COMPANY being Docket No. 190,562 in the Second Judicial District Court in the State of Nevada in and for the County of Washoe.

"DATED this *14th* day of December, 1962.

/s/ CHARLOTTE HUNTER ARLEY
by /s/ *LESLIE M. FRY*
Leslie M. Fry
120 Pickard Place
Reno, Nevada"

She is in error. A party who appeals unsuccessfully from a judgment or decree in his favor is not entitled to interest thereon pending the appeal. Quality Molding Co. v. American National Fire Ins. Co., 7 Cir., 287 F.2d 313; State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis, 234 Mo.App. 209, 115 S.W.2d 513; Komosa v. Monsanto Chemical Company, 305 S.W.2d 506 (Mo. 1957).

We further hold that tender having been made on December 14, 1962, the day after the judgment was entered, the running of interest stopped as of that date and not the later date when notice of appeal was filed. Woodmont, Inc. v. Daniels, 10 Cir., 290 F.2d 186.

As a further issue on appeal, appellant claims that she was deprived of a jury trial by the lower court on the hearing of the motion for entry of judgment. No such right exists.

Affirmed.

BADT, J., and WATERS, D. J., concur.