CHARLOTTE HUNTER ARLEY, APPELLANT, *v.* LIBERTY MUTUAL FIRE INSURANCE COMPANY, A MASSACHUSETTS CORPORATION, RESPONDENT.

No. 5782

September 23, 1969                    458 P.2d 742

*Charlotte Hunter Arley,* of Seattle, Washington, and *Fry & Fry,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug* and *Roger W. Jeppson,* of Reno, for Respondent.

**OPINION**

By the Court, MOWBRAY, J.:

This is the third time this case has come to us on appeal. Appellant Arley sued respondent Liberty Mutual Fire Insurance Company for property losses covered by a fire insurance policy which Arley had with Liberty. The district court awarded Arley $35,000, the full amount of the policy, but denied her claim for prejudgment interest on the award. Arley appealed and we affirmed the lower court's decision. Arley v. Liberty Mut. Fire Ins. Co., 80 Nev. 5, 388 P.2d 576 (1964). The remittitur was filed on April 13, 1964, and interest on the judgment commenced to run from that date. Liberty sought to satisfy the judgment, but Arley refused to accept payment, claiming, this time, interest from the date of the original judgment—December 13, 1962. Upon Liberty's application the district court entered an order that, upon payment of the $35,000 award plus interest from the date of the filing of the remittitur, a satisfaction of judgment would be entered on the record. Again Arley appealed, and again we sustained the ruling of the district judge in allowing interest only from the date the remittitur was filed. Arley v. Liberty Mut. Fire Ins. Co., 81 Nev. 411, 404 P.2d 426 (1965).

In February 1968 this court reviewed in depth the question of the allowance of prejudgment interest, in Paradise Homes, Inc. v. Central Sur. & Ins. Corp., 84 Nev. 109, 437 P.2d 78 (1968). In Paradise, we abandoned the "liquidated claim" versus "nonliquidated claim" test in determining whether prejudgment interest should be allowed, and suggested at 116 (437 P.2d at 83) that a two-fold standard be used in making such a determination:

"Three items must be determined to enable the trial courts to make an appropriate award of interest: (1) the rate of interest; (2) the time when it commences to run; and (3) the

amount of money to which the rate of interest must be applied. The rate of interest is set by our statute at seven percent per annum. N.R.S. 99.040. The statute also states that interest runs from the time 'money becomes due.' We construe that to be the time when performance was due as resolved by the court upon trial of the cause. The amount of money to which the interest rate will be applied must be determined by the following factors: (1) if the contract breached provides for a definite sum of money, that sum; (2) if the performance called for in the contract, the value of which is stated in money or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, that sum. Pre-judgment interest shall be allowed on the amount of the debt or money value so determined, after making all the deductions to which the defendant may be entitled. 1 Restatement of the Law, Contracts, § 337(a); O'Meara v. Commercial Insurance Company, 71 N.M. 145, 376 P.2d 486 (1962). See also Dollar Investment Corp. v. Modern Market, Inc., supra [77 Nev. 393, 365 P.2d 311 (1961)]; Sierra Pacific Power Co. v. Nye, supra [80 Nev. 88, 389 P.2d 387 (1964)]. *A seemingly different conclusion in any other Nevada case cited above is specifically overruled."* (Footnote omitted; emphasis added.)

On August 1, 1968, Arley commenced an independent action for post-judgment relief pursuant to Rule 60 NRCP, in which she asked that the court set aside the satisfaction of her judgment and that the judgment be "corrected" to include interest from the date the $35,000 was "first due"—October 17, 1960. This third attempt by Arley to recover prejudgment interest was predicated entirely upon our decision in Paradise. Upon Liberty's application, the district court dismissed Arley's motion; thus the present appeal.

Rule 60(b) provides in part that the court may relieve a party or his legal representative from a final judgment when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated."

Appellant's contentions are (1) that the final judgment in this case is contrary to the law as established by the Paradise decision allowing prejudgment interest and is inequitable and (2) that justice demands that appellant have relief therefrom.

As the court said in Collins v. City of Wichita, Kansas, 254 F.2d 837, 839 (10th Cir. 1958):

"No cases have been cited, and we have found none, which hold that relief from final judgments may be had under Rule

544

60(b), or otherwise, which involve property rights, . . . . Litigation must end some time, and the fact that a court may have made a mistake in the law when entering judgment, or that there may have been a judicial change in the court's view of the law after its entry, does not justify setting it aside. Sunal v. Large, 332 U.S. 174, . . . [1947]; [John] Simmons Co. v. Grier Bros. Co., 258 U.S. 82, . . . [1922]; Elgin . . . [Nat'l] Watch Co. v. Barrett, 5 Cir., 213 F.2d 776 [1954]; Berryhill v. United States, 6 Cir., 199 F.2d 217 [1952]; United States v. Kunz, 2 Cir., 163 F.2d 344 [1947]."

And again the court held in Berryhill, supra, at 219: "It appears to be the settled rule that a change in the judicial view of the applicable law, after a final judgment, is not a basis for vacating a judgment entered before announcement of the change. . . . Scotten v. Littlefield, 235 U.S. 407, . . . [1914]; . . . Lehman Co. v. Appleton Toy & Furniture Co., 7 Cir., 148 F.2d 988 [1945]."

Affirmed.

COLLINS, C. J., ZENOFF and BATJER, JJ., and MANN, D. J., concur.