TERRY JOSEPH PHILLIPS *v.* ROSALIND B.
MILLS ET AL.

[No. 346, September Term, 1971.]

*Decided February 2, 1972.*

The cause was submitted on briefs to POWERS, CARTER and GILBERT, JJ.

Submitted by *William G. Duvall, Ernest I. Cornbrooks, III,* and *Webb, Burnett & Simpson* for appellant.

Submitted by *Patrick L. Rogan, Jr.,* and *Richardson, Rogan & Anderson* for appellee.

GILBERT, J., delivered the opinion of the Court.

This appeal is concerned with the post-trial question of when does interest begin to accrue on a judgment on

verdict where the judgment creditor affirmatively seeks or participates in an appeal. Appellant lost a tort action in the Circuit Court for Wicomico County and the jury awarded damages in the aggregate of $23,096.50 to the appellees on November 17, 1970. The actual apportionment of the verdict amongst the appellees is of no importance to this appeal. Appellees filed a motion for a new trial on November 19, 1970, alleging, *inter alia,* that the verdict was inadequate. The motion for a new trial was denied by Judge William W. Travers on February 10, 1971. Dissatisfied with Judge Travers' decision, the appellees noted an appeal to this Court on the 23rd day of February, 1971. However, they apparently changed their minds and as a result dismissed the appeal on March 24, 1971.

A dispute then arose between the parties hereto as to whether or not interest was due the appellees (plaintiffs below) on the judgment. The appellant ultimately filed a "Motion to Compel Plaintiffs to Accept Payment of Judgment in Their Favor, and to Give Defendants an Order of Satisfaction." Judge Travers denied the motion on April 20, 1971, and this appeal ensued, albeit appellant has paid the sum of $23,096.50 to the appellees as a credit on the judgments. There is nothing in the record to indicate that a tender of payment was made after verdict or prior to April. The total amount of interest, calculated from the date of the verdict to the date of appellant's "motion to compel" was denied, is $588.50. Thus, we can readily see that what is involved here is the *principle* and not the interest.

No interest on judgment was permitted at common law, 45 Am.Jur.2d *Interest and Usury,* § 59; *City Pass. R.W. Co. v. Sewell,* 37 Md. 443, 455 (1873),[1] but by statutory

1. The Acts of 1802, Ch. 101, 1809, Ch. 153, and 1811, Ch. 161, were condensed and codified in Code of Public General Laws, Art. 29, § 15 (1860) and provided:
"All judgments by confession, on verdict, or by default, shall be so entered as to carry interest from the time they were rendered."
In *City Pass. R.W. Co. v. Sewell, supra,* the pronoun "they", as

enactment, the Acts of 1888, Ch. 366, later codified as Article 26, § 16, of Bagby's Annotated Code of Maryland (1924), it was provided that "* * * all judgments on verdict shall be so entered as to carry interest from the date of the rendering of such verdict." Section 16 of Article 26 (in its recodified form as Article 26, § 17) was repealed by the Acts of 1957, Ch. 399, § 1, and is now present in substantially the same form in Maryland Rule 642. The applicable part of the Rule provides:

> "* * *. A judgment on verdict shall be so entered as to carry interest from the date on which the *verdict* was entered. * * *" (Emphasis supplied).

Appellant argues that the Rule 642 does not answer the question here presented because it does not explicitly address itself to the issue. He avers that the appellees should not be entitled to interest on the very judgment they (the appellees and plaintiffs below) sought to attack by way of a motion for a new trial on the ground of inadequacy of the verdict, and then by an appeal to this Court, although the appeal, as we have stated, was dismissed by the appellees. Indeed, there is authority to support appellant's position. See *State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis*, 234 Mo. 209, 115 S.W.2d 513 (1938), and the cases collected in the annotation appearing in 15 A.L.R.3d 411. In *State v. St. Louis, supra,* the Court said at pages 515-516:

> "* * * we do not understand that there is anything in either the general interest statute or the specific charter provision which precludes their construction in accordance with the gen-

used in Art. 29, § 15, was interpreted to mean judgments and not verdicts. The Court of Appeals stated:
"If it is deemed proper that the law should be changed, so as to make verdicts bear interest, rather than judgments, it is a subject for legislative, not judicial action."
It appears that the Legislature changed the above quoted section and by the Acts of 1888, Ch. 366, provided that judgments on verdicts shall bear interest from the date the verdict is rendered.

eral rule that a party who unsuccessfully appeals from a judgment in his favor is not entitled to interest pending his appeal. It is true that neither the statute nor the charter makes such express provision, but the reason for this is obvious. Both the statute and the charter were written with the idea of compensating the judgment creditor for the judgment debtor's delay in satisfaction of the judgment, and with this the matter primarily in contemplation, the result was that no direct attention was given to the unusual situation where it is the judgment creditor himself who appeals the case and is thereby responsible for the delay in its final termination.

"* * * No act on the part of the judgment debtor, as by tender of the amount of the judgment, could foreclose to the judgment creditor the right to appeal from the judgment, nor could the court which has rendered the judgment note satisfaction of it on its records so long as the appeal was pending."

There is, however, a split of authority among the various jurisdictions as to a judgment creditor's right to interest when the judgment creditor is the appealing party, and we think the better reasoning is set forth by the Supreme Court of California in *Beeler v. American Trust Co.*, 28 Cal. 2d 435, 170 P.2d 439-441 (1946), where it is said:

"* * *. An appeal does not stop the running of interest, and to obtain such result the obligor must make a sufficient tender. *Ferrea v. Tuggs,* 125 Cal. 687, 692, 58 P. 308. Appellant makes no claim that a tender or offer of payment was made after the entry of judgment or pending the appeal, but merely assumes that it would have been rejected if made. In such assumption, appellant indulges in pure speculation as to a

claim which could easily have been demonstrated as a matter of fact. * * *"

See also *Stager v. Florida East Coast Railway Co.*, 189 So. 2d 192, and 15 A.L.R.3d 411.

In *Woodmont, Inc. v. Daniels*, 290 F. 2d 186 (1961), the United States Court of Appeals for the 10th Circuit held that where a statute of the State of Utah allowed interest on a judgment from the date of entry of that judgment, the judgment creditor was entitled to interest even though he affirmatively participated in an appeal and where no tender of payment was made.

The Supreme Court of Illinois in *Pinkstaff v. Pennsylvania Railroad Co.*, 31 Ill. 2d 518, 202 N.E.2d 512, 514 (1964), held that where a statute provides that a judgment shall draw interest until it is satisfied, a judgment creditor is entitled to interest even though he is the appealing party, unless the judgment debtor stops the accruing of interest by a tender. The Court said:

"* * * The accrual of interest upon the judgment, regardless of by whom appealed, is only an extension to its logical terminus of the 'make the plaintiff whole' philosophy. This result works no hardship on the judgment debtor because the interest accrues only if and during such time as he fails to make a valid tender. A tender, within the legal meaning of the word, once made, stops the accrual of interest *instanter*. If the judgment debtor makes no tender, he benefits from the use of the money which by his failure to appeal he concedes is due the plaintiff. Thus, he still has the clear cut choice which he always had."

Maryland, of course, has no statute providing for interest on a judgment such as rendered here, although there are statutory provisions applicable to other judgments and awards.[2]

2. Cf. Art. 52, § 50, pertaining to judgments entered by a Jus-

In *Cook v. Toney,* 245 Md. 42, 224 A. 2d 857 (1966), Judge Barnes, speaking for the Court of Appeals, cited Rule 642, and stated that if the motion for a new trial "had been *overruled* or if the granting of a new trial had in the limited cases in which the granting of such a motion is appealable, been *reversed* by this Court on appeal, the plaintiff would have been entitled to interest from * * * the date of the original verdict * * *."

We think Maryland Rule 642, *supra,* is clear, concise and unambiguous in its terms. It mandates that a verdict *shall* "carry interest from the date * * * rendered." The rule does not provide for exceptions and the only means by which the appellant could have tolled interest was by tendering the amount of the judgment, or he might have availed himself of the provisions of Rule 325 and made payment into the court as a depository. *Lanni v. Spallina,* 241 N.Y.S.2d, 551 (1963), 39 Misc. 2d 639 (N.Y.) ; *Persons v. Gardner,* 122 App. Div. 167, 106 N.Y.S. 616 (1907) ; *Kelly v. Redevelopment Authority of Allegheny County,* 411 Pa. 210, 191 A. 2d 393 (1963). He elected to do neither and must, therefore, abide the consequences of his election.

> *Judgments affirmed.*
> *Appellant to pay the costs.*

---

tice of the Peace, which provides: "All judgments for the payment of money entered by a justice of the peace shall be so entered as to carry interest thereon from the date thereof." Art. 101, § 56 (b) provides: "In all cases where compensation is awarded on appeal, whether by an affirmance, reversal, or modification of an order of the Commission, the claimant shall be entitled to receive, in addition to the compensation awarded, interest at the rate of six percent per annum on any installments of compensation not paid as they matured under the award of the Commission or would have matured had the same compensation been awarded by the Commission at the time of passing its order from which the appeal is taken."