Theodore W. PAOLA

v.

COMMERCIAL UNION
ASSURANCE COMPANIES.

83–492–Appeal.

Supreme Court of Rhode Island.

April 10, 1985.

Reargument Denied May 9, 1985.

Ronald J. Resmini, Ronald J. Resmini, Ltd., Providence, for plaintiff.

John T. Walsh, Jr., Higgins Cavanagh & Cooney, Providence, for defendant.

OPINION

SHEA, Justice.

This is an appeal by Theodore W. Paola (Paola) from a judgment of the Superior Court denying his motion to add postjudgment interest to an arbitrator's award. We have been asked for the first time to address the issue of whether a judgment creditor who unsuccessfully appeals the amount of an award is entitled to postjudgment interest for the period of the unsuccessful appeal. We affirm the judgment entered in Superior Court.

The parties to this action were previously before this court in 1983 when Paola appealed a Superior Court judgment confirming the same arbitrator's award at issue in this appeal but denying his request for the addition of prejudgment interest. *Paola v. Commercial Union Assurance Companies*, R.I., 461 A.2d 935 (1983) (*Paola* 1). For purposes of this opinion, we need only repeat briefly the facts of the case that are not in dispute.

In 1979 Paola filed a claim with his insurer, Commercial Union Assurance Companies (Commercial Union), under the uninsured-motorist coverage of his policy for personal injuries and property damage resulting from an automobile accident. The claim was submitted to arbitration, and an award was made of $2,934.80. Thereafter, Paola petitioned the Superior Court for confirmation of the award pursuant to G.L. 1956 (1969 Reenactment) § 10–3–16 together with a request for the addition of prejudgment interest as provided in G.L.1956 (1969 Reenactment) § 9–21–10, as amended by P.L.1981, ch. 54, § 1. The trial justice confirmed the award but denied Paola's request for prejudgment interest on the grounds that the award filed failed to reflect whether interest had already been calculated and that § 9–21–10 was inapplicable to confirmation proceedings. We rendered our opinion affirming the trial justice's decision on June 30, 1983.

Subsequent to our affirmance, Paola was paid the full amount of the arbitrator's

award by Commercial Union. Thereafter, on September 2, 1983, Paola moved for the addition of postjudgment interest pursuant to § 9–21–8, as amended by P.L.1981, ch. 54, § 1, for the period from March 4, 1981, the date of the confirmation by the Superior Court, to July 11, 1983, the date upon which the judgment amount was tendered by Commercial Union. Paola's motion for postjudgment interest was denied by order dated September 22, 1983. That denial forms the basis for the present appeal. In summary then, *Paola* 1 involved the issue of prejudgment interest whereas *Paola* 2 raises the question whether a judgment creditor who has pursued an unsuccessful appeal may collect postjudgment interest for the period during which the appeal was pending.

Paola's primary contention is that the language of § 9–21–8 does not distinguish among what judgments should be recovered; rather, the Legislature simply provided that *"[e]very judgment for money shall draw interest at the rate of twelve per cent (12%) per annum to the time of its discharge."* (Emphasis added.) In other words, Paola argues, there should be no differentiation between the parties that initiate the appeal. Commercial Union, on the other hand, advances a strong public policy argument against postjudgment-interest recovery by unsuccessful appellants, theorizing that to permit recovery would create a risk-free right of appeal for judgment creditors, the result of which would be to encourage the filing of frivolous appeals.

Commercial Union further argues that but for Paola's appeal, no delay would have occurred in the discharge of the judgment; therefore, Paola should be deprived of the right to collect interest during the period of delay caused by his own acts. Although this court has not had an opportunity to pass on the question directly, authorities elsewhere have taken the same view. *See Bates v. Dresser*, 251 U.S. 524, 40 S.Ct. 247, 64 L.Ed. 388 (1920); *Quality Molding Co. v. American National Fire Insurance Co.*, 287 F.2d 313, 315 (7th Cir.1961) (quot-

ing *State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis*, 234 Mo.App. 209, 115 S.W.2d 513 (1938)); Annot., 15 A.L.R.3d 411, 417 § 3 (1967). The Appeals Court in *Quality Molding* cited with approval the language of *State ex rel. Southern Real Estate & Financial Co.* wherein the Missouri court reasoned that "where it is the judgment creditor himself who is dissatisfied, and he appeals upon the ground of what he conceives to be the inadequacy of the judgment which was rendered in his favor, then if the judgment is affirmed he is held not to be entitled to interest on the judgment pending the disposition of the appeal, since it was by his own act that the proceeding was delayed and prolonged." 287 F.2d at 315. *See also Jesser v. Mayfair Hotel, Inc.*, 360 S.W.2d 652 (Mo.1962); *Arley v. Liberty Mut. Fire Ins. Co.*, 81 Nev. 411, 404 P.2d 426 (1965). Other courts have held that a judgment creditor is entitled to interest pending an unsuccessful appeal in the absence of tender by the judgment debtor. *Phillips v. Mills*, 14 Md.App. 272, 286 A.2d 798 (1972) (citing *Pinkstaff v. Pennsylvania Railroad Co.*, 31 Ill.2d 518, 202 N.E.2d 512 (1964)); *Kelly v. Redevelopment Authority of Allegheny County*, 411 Pa. 210, 191 A.2d 393 (1963). We note that in the *Phillips* and *Pinkstaff* cases, the delay analysis was effectively eliminated by the existence in those jurisdictions of statutes specifying the method by which a debtor could toll the accrual of interest whereas the reasoning of the *Kelly* court in allowing interest to an appealing judgment creditor was that it was inequitable to allow the judgment debtor the full use and benefit of the money during the appeal period.

We believe that the better rule is that a judgment creditor who lodges an unsuccessful appeal should not be allowed to collect interest during the pendency thereof since it is the creditor's own act that makes it impossible for the debtor to discharge the debt. Our examination of one of our own cases, even though it is one not factually similar to the case at bar, lends support to this conclusion. As the

court said in dictum in *Industrial National Bank of Rhode Island v. Isele,* 110 R.I. 157, 165, 290 A.2d 903, 907 (1972):

"On reflection therefore, we perceive no sound reason why the sums entered as a judgment for the guardians ad litem and their attorneys should not bear interest from the date said judgment was entered to the date of its discharge, particularly since Industrial claimed the subject appeal on April 13, 1971, and the cross-appeal was filed May 7, 1971. *In such circumstances, it cannot be argued that the appellees in Industrial's appeal are seeking interest on a judgment which, except for their own appeal, might have been earlier discharged."* (Emphasis added.)

As noted, *Isele* is dissimilar to the instant case and involves cross-appeals to which we render no opinion herein; however, it is clear that the *Isele* court considered such a situation as presented by the present facts and offered a forecast of its decision if it were to be presented with the issue.

We hold, therefore, that Paola is not entitled to postjudgment interest on the arbitrator's award pursuant to § 9–21–8 during the pendency of his appeal.

For the reasons stated, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.