OPINION
 

 KELLEHER, Justice.
 

 On March 26, 1980, after a jury verdict for the plaintiff, a judgment was entered awarding the plaintiff, Welsh Manufacturing, substantial damages plus interest computed at the rate of 8 percent per annum. The defendant then took an appeal to this court.
 

 While the appeal was pending, the Legislature, at its January 1981 session, amended G.L.1956 (1969 Reenactment) § 9-21-10 by raising the interest rate due in civil actions from 8 to 12 percent per annum. Public Laws 1981, ch. 54, § 1. The 1981 legislation specifically provided that its terms were to be applied retroactively and prospectively and would apply to all proceedings pending on the effective date of this act. The constitutionality of this statute was upheld in
 
 Rhode Island Turnpike & Bridge Authority v. Bethlehem Steel Corp.,
 
 — R.I. —, —, 446 A.2d 752, 757 (1982).
 

 After we affirmed the award and remanded the case to the Superior Court, plaintiff filed a motion, first, to correct the March 26, 1980 judgment by having the prejudgment interest previously imposed recalculated at a rate of 12 percent and, then, to add to the amended judgment post-judgment interest calculated at an annual rate of 12 percent. The motion was granted, and an order entered.
 

 The defendant in its appeal complains that by allowing plaintiff to collect 12 percent interest on an amended judgment that contains a sum of money already including prejudgment interest computed at 12 percent, the trial justice has countenanced a manner of interest compound
 
 *882
 
 ing that was never envisioned by the 1981 General Assembly. We agree.
 

 We believe that the term “judgment” referred to in § 9-21-10 contemplates a final judgment, one that finally adjudicates the rights of the parties, whether it is a judgment from which no appeal is taken or a judgment that is affirmed by this court after consideration and rejection of the appellant’s contentions. The final judgment in this controversy came on March 9, 1984, when we dismissed defendant’s appeal and affirmed the judgment of the Superior Court.
 
 See Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton’s, Inc.,
 
 — R.I. —, 474 A.2d 436 (1984).
 

 The defendant’s appeal is sustained, the June 6, 1984 order is vacated, and the case is remanded to the Superior Court where the judgment entered on March 26, 1980, will be vacated and the prejudgment interest on the respective losses
 
 [1]
 
 sustained by the plaintiff will be computed at the rate of 12 percent per annum from the date of each claim until March 9,1984, the date the Superior Court’s judgment was affirmed. Thereafter, postjudgment interest at the rate of 12 percent will accrue on the revised judgment until such time as that judgment is satisfied.
 

 WEISBERGER, J., did not participate.
 

 [1]
 

 . As noted in our opinion, within a span of forty-five days three thefts occurred at plaintiff s facility. All thefts involved a guard supplied by defendant.
 
 Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton’s, Inc.,
 
 - R.I. -, -, 474 A.2d 436, 438 (1984).