**WAYNE DISTRIBUTING CO.**

v.

**PITI BUILDING CO., INC.**

No. 83–93–Appeal.

Supreme Court of Rhode Island.

July 25, 1986.

Mal A. Salvadore, Coffey, McGovern, Noel & Neal, Providence, for plaintiff.

Anthony B. Sciarretta, Providence, for defendant.

## OPINION

KELLEHER, Justice.

This is an arbitration dispute in which a general contractor, Piti Building Co., Inc. (Piti), appeals from a Superior Court judgment affirming an arbitration award that favored Piti. The appeal concerns the manner in which the arbitrators resolved the issue of interest.

In September 1979 Piti and Wayne Distributing Co. (Wayne) entered into a written agreement whereby Piti agreed to build a warehouse and office for Wayne. The facility was to be located in the city of Cranston. The contract price for the project was almost $1½ million. The contract called for a schedule of payments as the work progressed. The proposed completion date was March 31, 1980. When the construction project experienced delays, Wayne refused to make the progress payments called for in the agreement.

Finally, as matters reached an impasse, Piti invoked the arbitration provisions of the contract. The arbitrators found that Piti was entitled to damages from Wayne in the amount of $243,573.57 subject to a credit of $5,000 due Wayne. This made the total award $238,573.57. The arbitrators, however, in awarding interest of 12 percent, restricted the award to $129,573.57 of the total award, with interest to be paid for a period beginning September 20, 1980, and ending October 20, 1982. The interest for this period amounted to $32,393.38. No other interest was added to the balance of the award.

On November 10, 1982, Wayne filed a petition in the Superior Court to confirm the arbitrators' award. Wayne alleged that it was ready, willing, and able to comply with the provisions of the award and also complained that Piti had failed to supply certain lien releases or stipulations of dismissal of certain actions pending against Wayne. Piti responded with a motion that asked that the award be vacated and modified or corrected. It specifically asked that the interest portion of the award be vacated and that the court direct a rehearing by the arbitrators in regard to the amount of interest.

The Superior Court justice who heard the controversy found that "[t]he award of interest was a key issue in this dispute and the arbitrators based their award on the information which was before them." He also observed that the arbitrators were free to fashion the rules and determine the facts and that absent complete irrationality their efforts would not be subject to judicial revision.

This court has on several occasions emphasized that judicial reversal of an arbitrator's award solely because of a reviewing court's disagreement with the arbitrator's interpretation of a contract would not be countenanced. *Rhode Island Council 94 v. State*, 456 A.2d 771, 775 (R.I.1983); *Smithfield Education Association v. Smithfield School Committee*, 120 R.I. 191, 386 A.2d 1093 (1978).

Piti has recited the litany that continues to be heard whenever an attempt is made to vacate an arbitration award. According to Piti, there has been "an evident material miscalculation of figures," the "award is imperfect in matter of form," the arbitrators "exceeded their powers," and the award represents a "manifest disregard of the law." The first three allegations are set forth in G.L.1956 (1985 Reenactment) §§ 10-3-14(a)(1), 10-3-14(a)(3), and 10-3-12(4), respectively. Each allegation, if proved, would warrant a vacating of the award. The claim of a "manifest disregard of the law," as noted in *Westminster Construction Corp. v. PPG Industries, Inc.*, 119 R.I. 205, 210, 376 A.2d 708, 711 (1977), crept into the law as the result of the Supreme Court's opinion in *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). None of these contentions merit an extended discussion.

Suffice it to say that there is no material miscalculation of figures. The arbitrators' interest computations are correct. The fact that the arbitrators chose to award interest on only part of the award is not proof that they exceeded their powers, because as a general rule arbitrators may award interest, even if not claimed, unless the parties have specifically provided otherwise in their agreement. *Westminster Construction Corp.*, 119 R.I. at 211, 376 A.2d at 711.

There is nothing in the record that would support Piti's claim of a manifest disregard of the law simply because the arbitrators, in considering a subcontractor's claim against Piti, added interest to the entire award. Instances of a manifest disregard for the law are said to be unique and might be present when an arbitrator understands and correctly states the law but then proceeds to disregard the same. Domke, *Commercial Arbitration*, § 25:05 at 397 (1984). Piti has failed to persuade us that the arbitrators understood the law but then went on to disregard it. Thus, relying on the record before us, we shall

affirm the trial justice's confirmation of the award.

■ One remaining unresolved issue relates to Wayne's contention that the trial justice erred in awarding interest on Piti's award while the contractor's appeal has been pending. The record indicates that the arbitrators' award was announced October 28, 1982. Not quite a month later, to wit, November 23, 1982, Wayne deposited the full amount of the award made by the arbitrators into the Superior Court registry. Notwithstanding the registry deposit, the trial justice awarded post-judgment interest to Piti while the contractor appealed the arbitrators' partial-interest award. By depositing in the registry an amount sufficient to satisfy the award, Wayne, in our opinion, was exempted from the imposition of the so-called post-judgment interest.

We would further point out that in *Paola v. Commercial Union Assurance Co.*, 490 A.2d 498, 499 (R.I.1985), this court took the position that a judgment creditor who lodges an unsuccessful appeal should not be allowed to collect interest during the appeal's pendency because it is the creditor's own act that makes it impossible for the debtor to discharge the debt.

Piti's appeal is denied and dismissed, Wayne's cross-appeal is sustained, and the judgment insofar as it relates to the imposition of interest subsequent to the deposit of funds in the registry is vacated. The case is remanded to the Superior Court for further proceedings.

BEVILACQUA, C.J., participated in the oral argument and in the decision of the court but retired prior to the publication of this opinion.