[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter comes before the court regarding the following consolidated cases. In Coldwell Banker New England v. BrunoRealtors Inc., C.A. No. 90-1808, Coldwell Banker seeks to vacate a November 15, 1989 arbitration decision. Bruno Realtors, Inc. subsequently filed a petition to confirm that award in BrunoRealtors, Inc. v. Coldwell Banker New England, C.A. No. 90-2817. The prior suit, initially filed in Bristol County Superior Court, was consolidated on June 14, 1990 with the latter suit, and has since been brought to Providence Superior Court. Jurisdiction in this court is pursuant to R.I.G.L. 1956 (1985 Reenactment) §§10-3-11 and 10-3-12, which respectively outline the court's powers to confirm or deny arbitration awards.
The standard which Coldwell Banker must meet for court vacation of an arbitration award is provided in R.I.G.L. 1956 (1985 Reenactment) § 10-3-12, and is set forth as follows:
 10-3-12. Grounds for vacating award. — In any of the following cases, said court must make an order vacating the award upon the application of any party to the arbitration:
 (1) When the award was procured by corruption, fraud or undue means.
 (2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.
 (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.
 (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
While Bruno petitions this court pursuant to R.I.G.L. 1956 (1985 Reenactment) § 10-3-11:
 10-3-11. Order confirming award. — At any time within one (1) year after the award is made, any party to the arbitration may apply to said court for an order confirming the award, and thereupon said court must grant such an order unless the award is vacated, modified or corrected, as prescribed in §§ 10-3-12 — 10-3-14, inclusive. Notice in writing of the application shall be served upon the adverse party or his attorney five (5) days before the hearing thereof. (emphasis provided).
The issue of award confirmation need not be directly addressed. Confirmation of the award will result if the petition to vacate, modify, or correct is unsuccessful.
Upon sale of the property located at 78 Seymour Street, Warren, Rhode Island, the issue of the division of the sale commission arose. Ms. Theresa Brod, seller of the property, allegedly repeatedly requested that Coldwell Banker, the listing agent, include Charles Barola, of Bruno, in the selling process as co-broker. Coldwell Banker refused to do so. The commission share question was then brought to an arbitration panel, which handed down the November 15, 1989 award in favor of Bruno. At that hearing, Raiola, on behalf of Bruno, presented two unsworn letters from Mrs. Brod indicating her desire to have Raiola included in the sale of her home. Bruno presented no further testimony; Coldwell Banker did not object at that time to the presentation of the letters as testimony.
On March 7, 1990, Coldwell Banker filed a timely request for procedural review with the Greater Providence Board of Realtors (GPBR). Coldwell Banker asserted that, due to faulty evidentiary procedures in the original hearing, its due process rights were violated. The GPBR, hearing testimony from the original arbitrators' panel, affirmed the award.
Due to the allowance of the original arbitrators' testimony at the March 7, 1990 hearing, along with the Brod letters at the initial hearing, Coldwell Banker claims that they were prejudiced in both proceedings. Coldwell Banker specifically relies on R.I.G.L. 1956 (1985 Reenactment) § 10-3-12 (3) —
 10-3-12. Grounds for vacating award. — . . .
 (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.
— in petitioning this court to vacate the November 15, 1989 award. Absent complete irrationality, arbitrators, without fear of judicial revision can develop applicable procedural rules in their quest to determine the issue before them. Belanger v.Matteson, 115 R.I. 332, 356, 346 A.2d 124, 138 (1975). Coldwell Banker asserts that evidentiary procedure was abused by allowing into evidence both the unsworn hearsay evidence of Ms. Brod's letters and the subsequent explanation of the original arbitrators' decision by its panel chairman at the procedural review hearing. Since, as per rules listed in the Outline of Procedure for Ethics or Arbitration Hearings (hereinafter Form 10), the chairman has great discretion in his administration of the hearing, there must exist evidence of a clearly irrational nature to support a procedural abuse. The allowal of the letters (though unsworn) into evidence was not so contrary to the arbitration due process procedures so as to vacate the resulting award. As per point No. 6 under Form 10's due process procedures heading: "The Chairman may exclude any questions which he deems irrelevant or argumentative." It thus follows that his administration of the hearing's evidence would extend to the allowal of hearsay testimony.
In Wayne Distributing v. Piti Building Co., Inc.,512 A.2d 870 (R.I. 1986), the petitioner company brought an action to confirm an arbitrators' award, and the contractor responded with a petition to vacate that award, which had been based on a miscalculation of figures in determining the award. The Rhode Island Supreme Court held in favor of the petition, indicating that only the arbitrator's manifest disregard for the law would support a vacation of the award. In other words, the arbitrator would have to understand and correctly state the law, and then disregard it in application of determination of the award. Id.
at 871. Nothing in the present case indicates such an abuse by the original arbitration panel or the reviewing board.
As a matter of law, procedural questions arising out of an arbitrable dispute should be left to the arbitrator. ProvidenceTeachers Union v. Providence School Committee, 440 A.2d 124, 128 (R.I. 1982). As long as both parties have agreed to submit their grievance to arbitration (as in the present case), the dispute is arbitrable. Further, the arbitrator has the discretion to frame the issues to be decided. Id. at 128. Procedurally, the applicable rules were followed by the arbitrator, and a "completely irrational result" did not occur. Absent that "completely irrational result," a standing award will not be vacated. State v. National Association of Government Employees,544 A.2d 117, 119 (R.I. 1988) (citing Jacinto v. Egan,120 R.I. 907, 914, 391 A.2d 1173, 1176 (1978)). Ms. Brod's letters do indicate a desire to have Bruno included in the transaction. This, in addition to her position as a Coldwell Banker customer, rationally supports Bruno's inclusion in a share of the sale commission by Coldwell Banker, as the award dictates.
For the reasons discussed hereinabove, this court finds that the arbitration and procedural review panels were not "guilty of misconduct in . . hearing legally immaterial evidence or refusing to hear evidence pertinent and material to the controversy or any other misbehavior substantially prejudicing any party." R.I.G.L. 1956 (1985 Reenactment) § 10-3-12(3). Thus, with insufficient support for the vacation of the award, the arbitrators' decision in favor of Bruno Realty is hereby confirmed.