DECISION
Before the Court is a Motion to Adjudge Interest and Costs submitted by the defendant, Harvey L. Steere (defendant), pursuant to G.L. 1958 (1981 Reenactment) § 9-21-10 and G.L. 1956 (1985 Reenactment) § 9-22-5. The defendant moves the Court for an order determining the amount of interest and costs he must pay James N. Tetrault (plaintiff) pursuant to a judgment entered by this Court on March 30, 1991 and an order of the Supreme Court entered on June 5, 1995.
Facts/Travel
On May 27, 1987, defendant was involved in an automobile accident with the plaintiff. Plaintiff sustained physical injuries in the accident that caused him to expend monies for medical treatment and prevented him from performing his usual occupations. On January 3, 1990, plaintiff filed suit in this Superior Court to recover his financial losses which resulted from the accident.
Some time after filing, both parties agreed that the matter be designated for arbitration. The parties stipulated that the arbitration would not be binding on the parties and that any award could either be accepted or rejected by one or both parties. See Agreement to Arbitration, May 18, 1992. After arbitration hearings were completed on December 29, 1992, the arbitrator awarded plaintiff $4,750.00 plus interest. Plaintiff rejected this award and the case was scheduled for trial.
After a three (3) day trial, the jury returned a verdict for the plaintiff in the amount of $9,346.17 plus interests and costs. Thereafter, plaintiff filed a motion for a new trial and/or additur which was denied. Plaintiff then appealed both the verdict and the denial of his motion for a new trial and/or additur. The Supreme Court denied and dismissed plaintiff's appeal, affirmed the judgment of the Superior Court, and remanded the papers back to Superior Court.
The defendant has offered to pay the plaintiff $9,346.17 plus interest from the date the claim arose, May 27, 1987 until the jury verdict of March 30, 1994. Plaintiff claims he is entitled to interest from the time the cause of action arose up to the final order entered by the Superior Court, including the appeal to the Supreme Court.
Additionally, plaintiff has submitted a Bill of Costs, including an arbitrator's fee in the amount of one hundred and fifty dollars ($150.00) and an arbitrator's rejection fee in the amount of two hundred dollars ($200.00). Defendant objects to the payment of these costs, contending they are not normally considered the expenses of suing another party.
A. Post-Judgment Interest
Defendant first argues that the plaintiff is not entitled to post-judgment interest from an appeal which was denied and dismissed. Plaintiff asserts that the judgment was not final until the final order was entered subsequent to his Supreme Court appeal.
Rhode Island General Laws § 9-21-10 provides, in pertinent part:
 "In any civil action in which a verdict is rendered . . . there shall be entered by the clerk of this court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date of the cause of action accrued which shall be included in the judgment therein."
G.L. 1958 (1981 Reenactment) § 9-21-10. In this jurisdiction, the term "judgment," as referred to in § 9-21-10, contemplates "a final judgment, one that finally adjudicates the rights of the parties, whether it is a judgment from which no appeal is taken or a judgment that is affirmed by [the Supreme Court] after consideration and rejection of the appellant's contentions."Cardi Corp. v. State, 561 A.2d 384, 386 (1989) (citing, WelshManufacturing Division of Textron, Inc. v. Pinkerton's Inc.,494 A.2d 897 (R.I. 1985)). "Statutes that award pre-judgment interest generally serve the dual purposes of encouraging the early settlement of claims . . . and compensating plaintiffs for the recompense to which they are legally entitled." Martin v.Lumbermen's Mutual Casualty Co., 559 A.2d 1028, 1031 (R.I. 1989).
Relying on Cardi Corp. v. State and Welsh ManufacturingDivision of Textron, Inc. v. Pinkerton's Inc., plaintiff argues that he is entitled to the additional interest for one (1) year from the date of the jury verdict to the date of the appeal. In both Cardi and Welsh, the Superior Court entered judgment for the plaintiffs. The defendants, who were judgment debtors, appealed. The Supreme Court subsequently dismissed the appeals in both cases. When the plaintiffs asked to have the interest award determined, both courts held that the subsequent Supreme Court decision constituted the final judgment for purposes of the statute. Cardi, 561 A.2d at 387; Welsh, 494 A.2d at 897.
Plaintiff's reliance on Cardi and Welsh, however, is misplaced. In Paola v. Commercial Union Assurance Companies,490 A.2d 498 (1985), plaintiff filed a claim with his insurer requesting policy coverage for personal injuries resulting from an automobile accident. The claim was submitted to arbitration, and an award was made. The plaintiff then petitioned the Superior Court to confirm the award and further requested the addition of pre-judgment interest. On March 4, 1981, the trial justice confirmed the award but denied the request for interest, and the plaintiff appealed. On June 30, 1983, the Supreme Court denied plaintiff's appeal and affirmed the decision. Plaintiff was paid the full amount by the defendant on July 11, 1983. Thereafter, plaintiff moved for the addition of post-judgment interest for the period of March 4, 1981, the date of the confirmation by the Superior Court, to July 11, 1983, the date upon which the judgment amount was tendered. The Superior Court denied plaintiff's motion, and the plaintiff appealed.
In denying plaintiff's request for post-judgment interest, the Paola court noted the "strong public policy argument against post-judgment interest recovery by unsuccessful appellants, . . . that to permit recovery would create a risk-free right of appeal for judgment creditors, the result of which would be to encourage the filing of frivolous appeals." Paola, 498 A.2d at 499. The Court further stated "where it is the judgment creditor himself who is dissatisfied, and he appeals upon the ground of what he conceives to be the inadequacy of the judgment which was rendered in his favor, then if the judgment is affirmed he is held not to be entitled to interest on the judgment pending the disposition of the appeal, since it was by his own act that the proceeding was delayed and prolonged." Id. (quoting, Quality Molding Co. v.American Nat'l Fire Ins. Co., 287 F.2d 313, 315 (7th Cir. 1961)).
In the case at bar, plaintiff/appellant, who is the judgment creditor, was awarded $9,346.17 plus interest and costs by a Superior Court jury. Rather than accept this award, plaintiff chose to appeal the jury verdict to the Supreme Court. This appeal was subsequently denied. This Court acknowledges that "the better rule is that a judgment creditor who lodges an unsuccessful appeals should not be allowed to collect interest during the pendency thereof since it is the creditor's own act that makes it impossible for the debtor to discharge the debt"Paola, 490 A.2d at 499. Accordingly, the plaintiff, as judgment creditor, is entitled only to the interest which accrued from the date of the incident through the date of the jury verdict.
B. Costs
Defendant also objects to plaintiff's request for certain costs submitted. In particular, defendant objects to the payment of an arbitrator's fee of one hundred and fifty dollars ($150.00) and an arbitrator's rejection fee of two hundred dollars ($200.00). The defendant argues that these costs are not costs normally considered an expense of suing another party.
Rhode Island General Laws § 9-22-5, "Recovery of costs by prevailing party," provides: "in civil actions at law, the party prevailing shall recover costs, except where otherwise specially provided, or as justice may require, in the discretion of the court." (Emphasis added.) "Costs are normally considered the expenses of suing another party, including filing fees and fees to serve process." Kottis v. Cerilli, 612 A.2d 661, 669 (R.I. 1992). "As in any . . . ascertainment of costs, discretion is conferred upon the trial justice in apportioning costs." Slebodav. Heirs at Law of Harris, 508 A.2d 652, 659 (R.I. 1986). See,e.g., Kottis, 612 A.2d 661 (fees to pay expert witnesses not included in the definition of costs); Sleboda, 508 A.2d 652 (fee of guardian ad litem not assessed as cost).
As this Court does not here find the instant arbitrator's fee and the arbitrator's rejection fee to constitute normally considered expenses of suing another party, the defendant's motion is granted with respect to costs.
Accordingly, for the reasons herein stated above, plaintiff is entitled only to the interest which accrued from the date of the incident through the date of the jury verdict. Furthermore, his request for the arbitrator's fee and the arbitrator's rejection fee is denied.
Counsel will submit the appropriate entry for judgment.