William CATANZARO et al.

v.

**CENTRAL CONGREGATIONAL CHURCH.**

No. 98–134–Appeal.

Supreme Court of Rhode Island.

Jan. 29, 1999.

Raymond A. Lafazia, Providence, for plaintiffs.

Mark Nugent, Providence, for defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

OPINION

PER CURIAM.

Does interest accrue on a judgment from the time of its entry in the Superior Court to the time of this Court's disposition on an ultimately unsuccessful appeal, if the appeal has been brought by a judgment creditor? Our past cases have held that when a judgment debtor appeals a Superior Court award, interest continues to accrue during the pendency of the appeal. *Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton's, Inc.,* 494 A.2d 897 (R.I.1985). When a judgment creditor brings an unsuccessful appeal, however, interest may not accrue while that appeal is pending. *Paola v. Commercial Union Assurance Companies,* 490 A.2d 498 (R.I.1985). The underlying rationale for this result is that when a judgment debtor stands ready, willing, and able to pay a judgment, a judgment creditor should not be allowed to benefit by securing guaranteed interest on an award throughout the duration of an ultimately unsuccessful, meritless appeal. *Paola,* 490 A.2d at 499. The instant case presents a different scenario. Here, the judgment debtor's offer of payment was a conditional one. It is our conclusion that when a judgment debtor's offer of payment is not unconditional, the rationale supporting the rule of *Paola* that prohibits a judgment

creditor from accruing interest during their unsuccessful appeal does not apply. Consequently, interest accrues until the date of disposition of the appeal by this Court.

This case came before the Supreme Court on December 14, 1998, pursuant to an order that directed the parties to show cause why the issues in the appeal of the plaintiffs, William (William) and Jean E. Catanzaro (collectively, plaintiffs), should not be summarily decided. The plaintiffs appealed from a judgment of the Superior Court granting the motion of defendant, Central Congregational Church, to stay an execution on a prior judgment in order to recalculate statutory interest. The trial justice refused to calculate interest during plaintiffs' unsuccessful appeal to this Court. In their appeal, plaintiffs argued that interest should have continued to accrue up until the issuance of this Court's holding in their first appeal.

The facts and procedural history of this case are not in dispute and have been presented in plaintiffs' first appeal, *Catanzaro v. Central Congregational Church*, 705 A.2d 533 (R.I.1998) (per curiam). On August 16, 1991, William was injured while employed by Eastern Construction Company during renovations of defendant's premises. Following a trial in the Superior Court, the jury returned a verdict for plaintiffs, and judgment entered on March 11, 1996. The plaintiffs moved for a reapportionment of liability or, in the alternative, for a new trial on the issue of liability only. The motion was denied.

The plaintiffs filed a notice of appeal of the judgment on May 8, 1996, arguing that the trial court performed an improper analysis of plaintiffs' motion for a new trial. On January 22, 1998, this Court issued a *per curiam* opinion in which we denied and dismissed plaintiffs' appeal, affirmed the judgment of the trial justice, and remanded the case.

On remand, plaintiffs requested execution on the judgment plus statutory interest running from the date of injury until the date of this Court's *per curiam* opinion. The defendant filed a motion to stay the request for execution of judgment, arguing that plaintiffs

were not entitled to statutory interest during the pendency of their unsuccessful appeal. On February 18, 1998, a trial justice, relying on *Paola v. Commercial Union Assurance Companies*, 490 A.2d 498 (R.I.1985), granted defendant's motion, and held that interest on the judgment stopped accruing on the date plaintiffs filed their notice of appeal to this Court.

The plaintiffs then filed the appeal now before us, claiming that pursuant to G.L.1956 § 9–21–10 they were entitled to statutory interest on the judgment, running from the date of William's injury until the day this Court denied and dismissed their appeal. Section 9–21–10(a) reads in relevant part:

"In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein."

The plaintiffs contended that the judgment in this case was not final until this Court denied their appeal, and that therefore, interest should have accrued until the time that their first appeal was denied by this Court. For support, plaintiffs cited the cases of *Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton's, Inc.*, 494 A.2d 897 (R.I. 1985), and *Cardi Corp. v. State*, 561 A.2d 384 (R.I.1989). In *Welsh Manufacturing*, this Court determined that prejudgment interest ran from the date the claims arose until the date this Court affirmed the judgment of the Superior Court. *Welsh Manufacturing*, 494 A.2d at 898. Similarly, in *Cardi*, this Court, relying on *Welsh Manufacturing* agreed with the trial justice's calculations of prejudgment interest and concluded that final judgment in that case, for prejudgment interest purposes, entered on the date that this Court affirmed a grant of summary judgment. *Cardi*, 561 A.2d at 387.

The defendant here relied on *Paola v. Commercial Union Assurance Companies*, 490 A.2d 498 (R.I.1985) (*Paola II*).[1] In that

---

1. *Paola v. Commercial Union Assurance Companies*, 490 A.2d 498 (R.I.1985), was the second

appeal of that case to this Court. Hereinafter, we shall refer to the 1985 case as *Paola II*. The

case, the plaintiff filed a claim with his insurance carrier, the defendant, for uninsured motorist benefits. *Id.* at 498. The claim was submitted to arbitration, and the plaintiff was awarded the sum of $2,934.80. *Id.* The plaintiff then sought Superior Court confirmation of the award, along with prejudgment interest pursuant to § 9–21–10. *Id.* The court confirmed the award but refused to add prejudgment interest. *Id.* The plaintiff appealed that ruling to this Court, and our decision affirmed the trial justice's decision in all respects, including that the arbitrator's award constituted judgment for the purposes of § 9–21–10. *Paola v. Commercial Union Assurance Companies,* 461 A.2d 935, 937 (R.I.1983) (*Paola I*).

Following this Court's decision in *Paola I,* the defendant paid the plaintiff the full amount of the arbitration award. *Paola II,* 490 A.2d at 498–99. The plaintiff then moved for the addition of postjudgment interest pursuant to § 9–21–8, accruing from the date of the Superior Court's confirmation of the arbitration award until the date the defendant discharged the judgment. *Paola II,* 490 A.2d at 499. The Superior Court denied the plaintiff's motion, and the plaintiff appealed. *Id.* We affirmed the judgment of the Superior Court and refused to apply postjudgment interest to the award during the pendency of the plaintiff's own ultimately unsuccessful appeal. *Id.* at 500.

> "We believe that the better rule is that a judgment creditor who lodges an unsuccessful appeal should not be allowed to collect interest during the pendency thereof since it is the creditor's own act that makes it impossible for the debtor to discharge the debt." *Id.* at 499.

The issue in the instant case is whether a judgment creditor—plaintiffs here—in a civil action is entitled to collect prejudgment interest on their award during the pendency of their own ultimately unsuccessful appeal. Although the case at bar concerns prejudgment interest in a civil action and *Paola II* concerned postjudgment interest on an arbitration award, the reasoning supporting *Pao-*

previous appeal was *Paola v. Commercial Union Assurance Companies,* 461 A.2d 935 (R.I.1983),

*la II* is equally applicable to both. Allowing a judgment creditor to collect 12 percent statutory interest during his or her own unsuccessful appeal would create a risk-free incentive for such creditors to bring appeals with questionable merit. On this basis, *Paola II* would have dictated the result of this case, and, absent other factors, we would have affirmed the Superior Court judgment and barred interest. But, one distinguishing fact alters the outcome here.

In *Paola II,* the rationale for our holding that a judgment creditor who undertakes an unsuccessful appeal should not be allowed to collect interest during pendency of the appeal was that the creditor's own act rendered collection of the judgment impossible. *Paola II,* 490 A.2d at 499. In *Wayne Distributing Co. v. Piti Building Co.,* 512 A.2d 870 (R.I. 1986), this Court, relying on *Paola II,* held that an unsuccessful defendant judgment creditor was not entitled to postjudgment interest because subsequent to the award and prior to the appeal, the judgment debtor had deposited the full amount of the award into the court registry. *Id.* at 872. "By depositing in the registry an amount sufficient to satisfy the award, [judgment debtor] in our opinion, was exempted from the imposition of *** post-judgment interest." *Id.* In *Paola II,* the defendant-judgment debtor made the amount of the judgment fully available to the plaintiff-judgment creditor by actually making payment prior to the plaintiff's filing of an appeal. *Paola II,* 490 A.2d at 498–99. Therefore, it is clear from *Paola II* and from *Wayne Distributing,* that on public policy grounds, a party who has received a truly unconditional offer of payment may not continue to accrue statutory interest during his or her own unsuccessful appeal.

◼ In the instant case, on April 29, 1996, counsel for defendant sent a letter to plaintiffs' counsel indicating that while defendant's insurer was prepared to tender the amount of the judgment, the insurer was willing to pay interest only up to the date of "final judgment," and not, as plaintiffs argued was appropriate, up until the time that the appel-

and will be referred to as *Paola I.*

late process was exhausted. At oral argument, when queried by justices of this Court on whether defendant's offer to pay was conditional on plaintiffs not taking an appeal, defendant failed to provide a definitive answer, but implied that the offer might indeed have been conditional upon plaintiffs waiving their right to appeal. Subsequent to oral argument, the parties submitted copies of correspondence in an effort to clarify this issue. The defendant in his postargument submission took the position that the offer had been completely unconditional. The plaintiffs disputed that characterization.

It is undisputed that plaintiffs refused to accept defendant's offer of payment prior to their unsuccessful appeal. What distinguishes the instant case from our previous cases, however, is the fact that defendant's offer to pay was not unconditional. On the basis of the facts that became apparent at oral argument and the copies of correspondence submitted by the parties following oral argument, we have determined that defendant's offer was conditional on plaintiffs not bringing an appeal, and as such, did not constitute an unconditional offer. Unlike the judgment debtors in *Paola II* and *Wayne Distributing,* the defendant here did not provide an unconditional offer. We stress that if defendant in the instant case had offered to pay the judgment without conditions, then *Paola II* would have controlled, and we would have affirmed the trial justice's ruling that interest on the award ceased to accrue as of the date plaintiffs filed their notice of appeal.

The plaintiffs are therefore entitled to receive interest accruing until the date of final judgment, which occurs on the date of this opinion. Therefore, the plaintiffs' appeal is sustained, and the judgment of the Superior Court is vacated. We remand this case to the Superior Court with directions to enter judgment in accordance with this opinion.