**BRADFORD DYEING ASSOCIATION, INC.**

v.

**J. STOG TEC GMBH.**

No. 2001–257–Appeal.

Supreme Court of Rhode Island.

Nov. 7, 2002.

Gerald John Petros, Providence, for Plaintiff.

Steven E. Snow, Jeffrey H. Gladstone/Melissa E. Darigan, Providence, for Defendant.

Before WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, J. Stog Tec GMBH, has appealed the calculation of interest on a judgment that was entered in its favor. The defendant has raised three issues on appeal: (1) whether postjudgment interest should be added to an arbitration award; (2) whether postjudgment interest accrues on any prejudgment interest included within the arbitration award; and (3) whether postjudgment interest accrues from the date of the arbitration award. These issues all rest on one threshold question: is an arbitrator's award equivalent to an "entry of judgment" for the purpose of calculating postjudgment interest under G.L.1956 § 9–21–10(a), or is an arbitration award not final until appeals of the award have been adjudicated?

The facts and underlying dispute in this case are set forth in *Bradford Dyeing Association, Inc. v. J. Stog Tech GmbH*, 765 A.2d 1226 (R.I.2001) (*Bradford Dyeing I*). Bradford Dyeing Association, Inc., the plaintiff, and defendant agreed in 1993 that plaintiff would purchase a wastewater treatment system from defendant. *Id.* at 1229. A dispute arose over the capabilities of the system, and plaintiff unilaterally terminated the agreement. *Id.* at 1230. In accordance with the parties' agreement, the case was sent to arbitration. *Id.* at 1229. The arbitrator ruled in favor of

defendant on June 26, 1998,[1] and ordered plaintiff to pay defendant a total of $1,026,091.74, with attorney's fees to be determined later. *Id.* at 1230. The award included $585,000 in breach of contract damages, $339,300 in interest on those damages, $84,551 in storage charges for the wastewater system, and $17,240.74 for arbitration expenses. *Id.* at 1231. The arbitrator issued a supplemental award of $162,000 in attorney's fees on September 15, 1998, thus bringing the total award to $1,188,091.74. *Id.*

In August 1998, plaintiff filed an action in the Superior Court seeking to vacate the arbitration award, and, in September 1998, defendant filed a motion to confirm it. *Bradford Dyeing I*, 765 A.2d at 1231. The hearing justice vacated the arbitration award, and defendant appealed. *Id.* at 1232. This Court reversed, and remanded the case to the Superior Court with instruction to enter judgment for defendant on its motion to confirm the arbitration award. *Id.* at 1239. On remand, a different hearing justice entered judgment on April 3, 2001, in favor of defendant in the amount of $1,188,091.74, plus 12 percent interest from June 26, 1998, the date of the arbitration award. The next day, the Superior Court clerk issued a writ of execution to enforce a $1,582,993.90 award, of which $394,902.16 was interest.

In response, plaintiff filed a motion for relief from judgment under Rule 60(b) of the Superior Court Rules of Civil Procedure, arguing that interest should not have been compounded on the prejudgment interest already assessed by the arbitrator. The defendant countered that compounded interest was permissible because the arbitration award was akin to a judgment, and therefore the interest assessed after the

---

1. Although *Bradford Dyeing I* gave the date of the award as June 29, 1998, both parties agreed that the date was June 26, 1998.

arbitration award constituted post-judgment interest.

On April 18, 2001, the motion justice ruled that postjudgment interest refers to interest accruing after final judgment has been entered and that an arbitration award on appeal was not equivalent to an entry of judgment for the purpose of assessing statutory interest. Finding that there had been a clerical error in computing the interest,[2] the motion justice granted plaintiff relief from the judgment, and on April 30, 2001, published an amended final judgment that modified the amount of interest owed before April 3. Specifically, the amendments stated that plaintiff should pay defendant $227,996.10, which the motion justice termed, "the pre-judgment interest accruing from June 26, 1998 to April 3, 2001 on $686,791.71, the principal amount of the June 26, 1998, [a]rbitrator's [a]ward." To determine the principal, she subtracted the $339,300 in interest charges that the arbitrator had already included in the total award. Further, the justice ordered that plaintiff should pay $49,610, "the pre-judgment interest accruing from September 15, 1998, to April 3, 2001, on $162,000, the amount of the September 15, 1998 [a]rbitrator's [a]ward," of attorney's fees. Finally, the justice ordered that "Bradford shall pay any post-judgment interest from April 3, 2001, to the date of Bradford's payment to Stog at the statutory rate of 12% per annum on the total amount of the judgment ($1,465,-697.84)." In sum, then, the amendments reduced the interest owed to defendant on April 3, 2001, by $117,296.10. The defendant's appeal of this modification is now before us.

In reviewing a decision on a Rule 60 motion, this Court will reverse the hearing justice only upon concluding that the justice abused his or her discretion. *Housing Authority of Providence v. Oropeza,* 713 A.2d 1262, 1264 (R.I.1998) (per curiam).

The issue in this case is the amount of interest owed for the time that the arbitrator's award was on appeal, namely, the period between the arbitrator's award on June 26, 1998, and the judgment by the Superior Court on April 3, 2001. Section 9–21–10(a) provides in relevant part that postjudgment interest accrues on both the principal and on prejudgment interest:

> "Post-judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue on both the principal amount of the judgment and the prejudgment interest entered therein. This section shall not apply until entry of judgment * * *."

Hence, we must address whether the June 26, 1998 arbitrator's award was an "entry of judgment," notwithstanding later appellate proceedings. The defendant argued that an arbitration award is equivalent to an "entry of judgment" and, therefore, the assessment of interest as executed on April 4, 2001, was correct and should not have been modified. The plaintiff, on the other hand, argued that the amended judgment was correct in applying prejudgment interest solely to the principal until judgment in the case was entered on April 3, 2001. The plaintiff further claimed that, for the purposes of § 9–21–10(a), judgment

---

**2.** The justice, although referring to Rule 60(b) of the Superior Court Rules of Civil Procedure, may have intended to cite Rule 60(a), which deals with clerical mistakes. Nevertheless, since Rule 60(a) motions can be raised *sua sponte,* reliance on either was per-missible in this case. *Ankner v. Napolitano,* 764 A.2d 712, 714–15 (R.I.2001). Because this Court accords modifications under either provision the same standard of review, it is not relevant for present purposes whether she ruled under Rule 60(a) or (b).

was entered only when the Superior Court responded in accordance with this Court's instructions.

■ We have held "that the term 'judgment' referred to in § 9–21–10 contemplates a final judgment, one that finally adjudicates the rights of the parties, whether it is a judgment from which no appeal is taken or a judgment that is affirmed by this [C]ourt after consideration and rejection of the appellant's contentions." *Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton's, Inc.*, 494 A.2d 897, 898 (R.I.1985). Thus, we directed in *Welsh Manufacturing* that postjudgment interest would begin to accrue on the date that this Court affirmed the judgment of the Superior Court. *Id.; see also Ankner v. Napolitano*, 764 A.2d 712, 713 (R.I.2001) (holding that the date of final judgment, for the purpose of calculating prejudgment and postjudgment interest, was the date that this Court affirmed an award by the Superior Court). Although *Welsh Manufacturing* dealt with a civil suit, its holding is clearly applicable to the arbitration case at bar. Postjudgment interest cannot accrue until a final judgment has been entered, and payment is due. This occurs when the trial court enters judgment, if the debtor has not filed a timely notice of appeal, or when this Court affirms the judgment on appeal, whichever event first occurs. In this case, postjudgment interest can be awarded only beginning from the date on which the April 3, 2001 judgment became final, namely, from the date of this opinion.

■ Here, the Superior Court initially vacated the arbitration award. It was not until this Court reversed that decision, and the Superior Court reinstated the award on remand, that plaintiff became obligated to pay the award. Hence, interest assessed between June 26, 1998, and April 3, 2001, is prejudgment interest. Therefore, the Superior Court justice was correct in amending the April 3 judgment to exclude the arbitrator's award of prejudgment interest from the principal on which interest was assessed for the time between the 1998 arbitration award and the Superior Court's 2001 confirmation of that award on remand from this Court. Interest may not be calculated by compounding prejudgment interest on the prejudgment interest already awarded by the arbitrator. *Liberty Mutual Insurance Co. v. Tavarez*, 797 A.2d 480, 488 (R.I.2002); *Welsh Manufacturing*, 494 A.2d at 897–98.

Given that the interest awarded on remand for the period challenged by defendant is prejudgment interest, we need not address in the case at bar whether postjudgment interest should be added to an arbitration award or whether postjudgment interest accrues on any prejudgment interest included within the arbitration award.

■ In summary, it is our opinion that postjudgment interest in a case in which an arbitration award has been appealed does not begin to accrue until the appeal process has concluded with the entry of an unappealed final judgment or the affirmation of a judgment on appeal, whichever event first occurs. Accordingly, the Superior Court justice was correct in amending the judgment to exclude the arbitrator's interest award from the principal on which interest was assessed during the period between the arbitration award and the Superior Court's confirmation of that award on remand from this Court.

Consequently, we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court, to which we return the papers in the case.